PETER BOSWELL, QUI TAM, &c., v. JOHN H. ROBINSON.

1. A *qui tam* action for the penalty of three hundred dollars, for marrying a minor, contrary to the act concerning marriages, is limited by the sixteenth section of the act for the limitation of actions, to one year next after the offence committed.
2. Although the suit must be brought by the party whose consent to the marriage under the act is necessary, and who may be aggrieved by the offence, yet he is not regarded as the party aggrieved under the limitation of two years in that sixteenth section, as the whole forfeiture is not given to him.
3. The *qui tam* clause in the sixteenth section, applies to all forfeitures where a part is limited to the state, and another part to an individual who may prosecute to effect, whether such person may simply be a common informer or a certain person, who may, in some sense, be particularly grieved by the offence.
4. Courts are very reluctant to hold a penal action unrestrained by act of limitation.

On case certified, &c.

This action was brought in the Passaic Circuit, by the father of a minor, to recover the penalty of three hundred dollars, from a clergyman, for having married the minor contrary to the act concerning marriages. The defendant plead that the cause of action did not accrue to the plaintiff within one year next before the commencement of the suit. To this the plaintiff demurred, and the question is certified to this court as to what judgment should be rendered on the demurrer.

Boswell, qui tam, &c., v. Robinson.

For plaintiff, *James Evans.*

For defendant, *H. A. Williams.*

The opinion of the court was delivered by

BEDLE, J.   By the fifth section of the act concerning marriages, (*Nix. Dig.* 501,*) act passed March 4th, 1875, a person who marries a minor, contrary to that act, forfeits three hundred dollars, " to be recovered with costs of suit, by action of debt or information by the parent, guardian, or person having charge of such minor, the one-half of the said forfeiture to be paid to the treasurer of the state for the use of the state, and the other half to be for the use of the parent, guardian, or other person having charge of such minor who shall *prosecute the same to effect.*"

The demurrer to the plea raises the question whether such an action must be brought by the person entitled to bring it, *within one year* from the time that the offence was committed ?   The answer to it depends chiefly upon the construction to be given to the sixteenth section of the act for the limitation of actions (*Nix. Dig.* 472 ;†) that section first provides that actions or informations for forfeitures upon any penal statute, whereby the forfeiture is limited to the *State of New Jersey only,* shall be brought or exhibited within two years next after the offence committed, and not after.   It next provides that " all actions or informations which shall be brought or exhibited for any forfeiture upon any penal statute made or to be made, the *benefit and suit* whereof is or shall be by the said statute limited or given to *any person or persons who shall prosecute for the same, or to the State of New Jersey, and to any other who shall prosecute in that behalf,* shall be brought or exhibited by any person or persons who may lawfully sue for the same as aforesaid, within one year next after the offence committed, or to be committed, against the statute, and in default of such suit, then the same shall be brought or exhibited for the State of New Jersey, at any time within one year after the termina-

*Rev., p. 632, ₴ 4.        †Rev., p. 597, ₴ 21.

tion of the aforesaid year, and not after. And all actions or informations which shall be brought or exhibited for any forfeiture or cause upon any statute made or to be made, the benefit and suit whereof is or shall be limited or given to the party aggrieved, shall be brought or exhibited within the space of two years next after the offence committed, or to be committed, or cause of action accrued, and not after." Here are three classes of persons provided for.

1. Where the whole penalty goes to the informer.

2. Where one-half goes to the state, and the other half to any other who shall prosecute in that behalf, &c.

3. Where the whole penalty goes to the *party aggrieved.*

In the two former classes the limitation is one year, and in the other two years. Were this an action simply by a common informer to recover one-half of a penalty for himself, and the other half for the state, there could be no question about it being included in the second class, but instead of that the suit, by the act, is limited to a certain person— "to the parent, guardian, or person having charge of such minor." It must be brought by the person whose consent to the marriage is necessary. If there is a parent, as in this case, the father, the action must be brought by him. *Castner* v. *Egbert*, 7 *Halst.* 259. He is not the party aggrieved under the third class referred to, as he is not entitled to the whole penalty, and he is not a common informer, for the penalty is not given to the state and any other person who will prosecute for it. The action is not what is known as a *popular* action. 2 *Burns' Jus., title Information* 771 ; 3 *Black. Com.* 160.

It is a *private* action, in one sense, because it can only be brought by a certain person, yet the plaintiff is an informer, being what may be termed a *quasi* common informer. If this action is limited at all, it must be under the second class referred to. If not limited by the clause in the sixteenth section, in relation to *qui tam* persons, the action is unaffected by any statute of limitation. Courts are very reluctant to hold that a person may be subjected to a suit for a penalty for an

indefinite time. *Buller N. P.* 195; *Tobacco Pipe Co.* v. *Loder*, 6 *Eng. L. & E.* 312.

Such indefinite liability is unjust, and should not be so held unless the imperfections or the deficiencies of the law imperatively require it. Does that clause, then, merely include a common informer, or not only a common informer, but also any other who may lawfully prosecute for himself and the state? The chief difficulty in the construction, arises from the preceding clause, where the benefit and suit for the whole forfeiture are limited or given to *any person or persons who shall prosecute for the same*. Those words evidently refer to a common informer to whom a *whole* penalty may be forfeited. A party aggrieved is not included in them, for special provision is made limiting him to two years. Applying those words to a common informer, some color is given for making the same application to the words, "or to the State of New Jersey, and to any other who shall prosecute in that behalf," &c., but such cannot be their meaning in our act.

The basis of the sixteenth section in question, is the statute of 3d *Eliz.*, *ch.* 5, § 5. That statute did not contain the words in our act, where the whole penalty goes to the informer, nor the clause in relation to the party aggrieved. From February 10th, 1728, the fifth section of 3d *Eliz.*, *ch.* 5, was in force in the province of New Jersey, by virtue of an act of that date (*Allinson's Laws* 72) and in the state by the constitution of 1776, up to February 7th, 1799, at which time our present act was adopted—section sixteen referred to, then, for the first time, containing the words, "to any person or persons, who shall prosecute for the same," and, also, the clause concerning the party aggrieved. (For convenience, section five of 3d *Eliz.*, *ch.* 5, may be found in note on page 74 of Allinson.) The language of the statute of Elizabeth, so far as necessary to recite it, is as follows: "And that all actions, suits, bills, or informations, which shall be brought for any forfeiture upon any penal statute made or to be made, except the statutes of tillage,

the benefit and suit whereof is, or shall be, by the said statute limited to the queen, her heirs, or successors, and to any other that shall prosecute in that behalf, shall be brought by any person that may lawfully sue for the same, within one year next after the offence committed," &c. It will be here seen that although an informer would be limited to a year, who sued for himself and the queen, yet there is no express provision to include an informer, where the forfeiture was wholly given to him, and, therefore, as remarked by Tidd, (1 *Tidd's Prac.* 14) " where the penalty is given to a common informer alone, different opinions have been entertained whether it is within the statute. On the one hand, it has been said that this is not a case within the words of the act, which ought to be taken strictly, and not extended by any equitable construction. On the other hand it has, with more reason, been contended, that as the informer is bound when the king is joined with him, much more should he be bound when he sues by himself." This text from Tidd, states the condition of adjudication on this subject, when he wrote, near the close of the last century. The chief case in support of the former doctrine being *Culliford* v. *Blandford*, reported in *Show.* 354 ; *Carth.* 233, and also found in 4 *Mod.* 129, and 12 *Mod.* 26. The doctrine of that case is also recognized in *Chance* v. *Adams*, 1 *Ld. Ray.* 77, to wit, " that where the informer ought to have the whole penalty, the statute of 31 *Eliz.* does not extend to it, because it is not within the words of the act." This point in the case of *Culliford* v. *Blandford*, more clearly appears in *Show.* and *Carth.* than in *4th* or *12th Mod.* The only authority I am aware of, in support of the other doctrine, is in *Buller's Nisi Prius* 195, the case of *Lookup* v. *Sir T. Frederick, Mic. T.,* 6 *G.* 3. It was an action of debt brought on (9 *Anne*) by a common informer to recover money back won at cards. The money was lost, and paid March 11th, 1757, and the writ not sued out until *Mic. T.,* 1762. That statute of 9 *Anne*, is the basis of our act to prevent gaming. The English act, 9 *Anne, ch.* 14, allowed

the person losing . to recover the money back within three months, and in case he did not bring suit, any other person could do it, and recover the same, and treble the value thereof, with costs of suit, against the winner—one moiety thereof to the use of the person that will sue for the same, and the other moiety to the use of the poor of the parish (not the queen) where the offence was committed. The loser did not bring suit, but the same was brought by a common informer. The result is stated in the book last cited, as follows: "The Court of C. B. held it a case within 31 *Eliz.*, though the action given, in the first instance, to the party grieved, and afterwards to the common informer for himself and the poor of the parish (for such action would have been within 7 *Henry* and the 31 *Eliz.*) was made to narrow the time given by the statute, and, therefore, could never mean to leave any actions unrestrained in time, the latter part of the clause must therefore be construed to extend to them.". This certainly takes a most liberal view of the statute, but it shows the indisposition of the courts to consider any actions unrestrained, and that they would liberally construe the statute to prevent a penal action, from being unlimited. This was the state o.̈ English adjudication when our act, of February 7th, 179", was passed. Here was great doubt at least, whether, when the informer was entitled to the whole penalty, the statute applied at all. Another defect in the statute of Eliz., was in relation to the party grieved. It had been considered that the party grieved was not within the restraints of that act. *Noy* 71 ; *Leonard* 237 ; *Show.* 354 ; 2 *Haw. P. C., ch.* 26, § 47 ; 1 *Tidd's Prac.* 14.

The early cases from which this conclusion is gathered, are so imperfectly reported, that it is difficult to tell, with certainty, whether a person could be considered a party grieved, unless either the whole penalty was limited to him, or such part thereof as could be treated as the whole, as to him. In the case in *Shower* 354, that was one of the questions debated by the court. At any rate, the party grieved was the person who had sustained some particular damage

Boswell, qui tam, &c., v. Robinson.

by the offence, and the penalty was intended by way of recompense for it, and, therefore, as to costs, he was entitled to recover them the same as any other plaintiff under the statute of Gloucester. 2 *Haw. P. C.*, *ch.* 26, § 57; *Hullock on Costs, ch.* 17, § 201.

But whether, if he sued in his own behalf and that of the king, and not for the penalty as a whole, to him, as a party grieved, he was entitled to recover them, is quite doubtful. However all this may be, Judge Paterson, in his revision, evidently regarded the defect of the English act, as to the party grieved, and also the defect as to the common informer, to whom a whole penalty was limited, and framed the sixteenth section as a modification of the English act, and to provide for all the defects stated. The party grieved is specially referred to, and by a strong implication, no party is recognized as a party grieved, unless the benefit and suit for the whole forfeiture are limited to him, and although that *qui tam* clause was extracted from the statute of Eliz., yet in the mode of its adoption here, and its relation to the whole section, it must be treated as covering all forfeitures, where a part is limited to the state, and another part to an individual who may prosecute to effect, although that individual may be in some sense particularly grieved by the offence. The words are sufficiently comprehensive for that construction, and should not be hampered, now, by any difficulties in their construction, by the cases referred to. The clause reads—" to the State of New Jersey, and to any other who shall prosecute in that behalf—who may lawfully sue for the same." If a penalty is limited in part to a party who may be affected by an offence, his interest in that respect is disregarded in the act, and he stands within that *qui tam* clause, the same as any other *qui tam* plaintiff. He is not to be regarded in any way as a party grieved unless the whole forfeiture is given to him. This is the fair and reasonable construction of the section, and must be adopted by the court, or this suit be left unrestrained. Such a result would not be permitted unless the express terms of the act

necessarily required it. One year being the time limited for the plaintiff to commence his suit, the defendant is entitled to judgment on the demurrer, and the circuit should be advised accordingly.

The CHIEF JUSTICE, and Justices DALRIMPLE and DEPUE, concurred.