IRWIN FRIEDMAN, PLAINTIFF-RESPONDENT, v. IRVING J. PODELL AND ELEANOR N. PODELL, HIS WIFE, DEFENDANTS-APPELLANTS.

Argued February 13, 1956—Decided March 5, 1956.

*Mr. Irving N. Yankowitz* argued the cause for the defendants-appellants.

*Mr. Oliver R. Kovacs* argued the cause for the plaintiff-respondent (*Messrs. Clausen, Klein & Kovacs*, attorneys).

The opinion of the court was delivered by

BURLING, J. Plaintiff sought to recover a statutory penalty from the defendants pursuant to *N. J. S.* 2A:42–38, which is section 25 of the State Rent Control Act of 1953, *L.* 1953, *c.* 216 (*N. J. S.* 2A:42–14 *el seq.*). The matter was submitted to the Middlesex County District Court upon an agreed stipulation revealing the following factual background.

Plaintiff rented a residential apartment in Perth Amboy owned by defendants from August 10, 1953 to April 10, 1955. He was a month-to-month tenant and paid a rental of $75 per month. The State Rent Control Act of 1953 was operative in Perth Amboy during this period and the maximum rental upon the premises in question was fixed at $35 per month by the Middlesex County Rent Control Agency.

The complaint was composed of 20 counts, responsive to each monthly rental and overcharge, and sought judgment of $120 on each count, being three times the individual

monthly overcharge, or a sum total of $2,400 on the entire complaint.

The trial court returned a judgment in the amount of $2,400 and defendants pursued an appeal to the Superior Court, Appellate Division. We certified the cause prior to a review below.

Two questions are presented on this appeal:

1. Does the limitation of one year's lawful rent upon the penalty within *N. J. S.* 2A:42–38 apply to the entire period of excessive rental payments or to each monthly overcharge in a month-to-month tenancy?

2. Does the county district court have jurisdiction to enter a judgment in excess of $1,000 in an action under *N. J. S.* 2A:42–38?

*N. J. S.* 2A:42–38 provides, *inter alia*:

"Any landlord who shall violate ⁜ ⁜ ⁜ any order of a county rent control agency, ⁜ ⁜ ⁜ made pursuant to this act, shall forfeit to his tenant a sum equal to three times the amount of any rent received by him from his tenant in excess of the lawful base rental ⁜ ⁜ ⁜ *but not in excess of one year's lawful rent* ⁜ ⁜ ⁜ in an action in the county district court ⁜ ⁜ ⁜." (Emphasis supplied)

Defendants contend that the statute is penal in nature and perforce must be strictly construed. As thus viewed, the limitation is said to be applicable to the total amount in dispute—the aggregate overcharge—rather than circumscribing a treble forfeiture upon each monthly extraction in excess of the lawful base rental. Authority for defendants' position is grounded in *Wysokinski v. Luria* (decided by the Superior Court, Appellate Division, on August 1, 1955, *Docket No.* A–445–54, not reported) where a tenant presented a singular claim for $630 based upon a $30 overcharge for seven months. The Superior Court, Appellate Division, limited recovery under the cited statute to one year's lawful rent of $240.

The court below regarded *N. J. S.* 2A:42–38 as a penal statute, serving to deter landlords from extracting excessive rentals. Reasoning that if the limitation was to be applied

upon the aggregate overcharge in a month-to-month tenancy the landlord would stand to profit from his wrong upon the facts of the case *sub judice,* it rejected defendants' interpretation of the statute. *Wysokinski v. Luria, supra,* was distinguished by the trial court, apparently on the basis that the tenant there did not plead the individual monthly violations as separate counts in his complaint.

The trial court gained strength for its position by contrasting a similar provision under the Federal Housing and Rent Act of 1947 which limits the amount of recovery to the actual aggregate overcharge where the landlord proves the violation was neither willful nor the result of failure to take practicable precautions against it, and required the tenant to institute the action within one year of the violation. 50 *U. S. C. A. App., sec.* 1895 (*a*) and (*c*). Noting that *N. J. S.* 2A:42–38 lacks these features, the court considered the state legislation to be more stringent in this regard.

The purpose of the State Rent Control Act of 1953 is to stabilize rentals in emergency areas and prevent extortionate increases resulting from housing shortages, and at the same time to allow landlords a fair and equitable return upon their investment. *Jamouneau v. Harner,* 16 *N. J.* 500, 527 (1954), *certiorari* denied 349 *U. S.* 904, 75 *S. Ct.* 580, 99 *L. Ed.* 1241 (1955); *Brookchester v. Ligham,* 17 *N. J.* 460, 470 (1955). (The history and general philosophy of rent control legislation is discussed in *Willis, A Short History of Rent Control Laws,* 36 *Cornell L. Q.* 54 (1950).) *N. J. S.* 2A:42–38 is fundamental to the realization of this purpose by virtue of its sanction. Absent legislative expression to the contrary, it constitutes a civil penalty. *Zuest v. Ingra,* 134 *N. J. L.* 15 (*E. & A.* 1946). *Cf.* 50 *U. S. C. A. App., sec.* 1895 (*a*) and its "liquidated damages" nomenclature; *Fields v. Smith,* 20 *N. J. Super.* 226 (*Cty. Ct.* 1952); *Miles, The Jurisdiction of New Jersey District Courts in Treble Damage Rent Suits,* 74 *N. J. L. J.* 401 (1951). We have recently stated that civil penalties are to be strictly construed according to their clear intendment, *Sawran v. Lennon,* 19 *N. J.* 606, 613 (1955). But this approach is not to stifle the

legislative design. (See *N. J. S.* 2*A*:42–52, a legislative declaration of liberal construction to effect the purposes of the State Rent Control Act.) In *State v. Meinken*, 10 *N. J.* 348, 352 (1952) it was stated:

"* * * Where a law or group of laws are both remedial and penal * * * those provisions which are remedial are to be liberally construed and those that are penal are to be strictly construed, *Maellaro v. Madison Finance Co. of Jersey City*, 130 *N. J. L.* 140, 144 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 160 (*E. & A.* 1944). The rule of strict construction applicable to the penal provisions of a statute, however, does not prevent a court from reading the statute in relation to the mischief and evil sought to be suppressed or prevent a court from giving effect to the terms of the statute in accordance with their fair and natural acceptation. While a penal statute is not to be extended by implication or intendment, its clear implication and intendment is not to be denied."

And see 2 *Sutherland on Statutory Construction* (3*d ed.* 1943), *sections* 3304, 3305.

Applying defendants' argument to the facts of this case, we reach a result clearly contrary to the fundamental design of the legislation, previously adverted to. Plaintiff has paid $800 in excessive rent. One year's lawful rent, based upon the maximum allowable of $35 would be $420. If this limitation be imposed upon an aggregate rather than a monthly basis, the defendants, although suffering a partial defeat, have succeeded in their calculated violation to the extent of $380. The deterrent is effectively removed and the landlord is encouraged to increase the discrepancy between the lawful base rental and the overcharge, with full realization that if eventually brought to task he may still profit through a violation of *N. J. S.* 2*A*:42–26.

The violation is complete upon each acceptance of rental in excess of the lawful base rent. *N. J. S.* 2*A*:42–26. In the instant case there were 20 violations. The limitation must apply to each instance for which the plaintiff may assert a claim. The decision in *Wysokinski v. Luria, supra,* must be limited to the particular facts of that case and the prosecution of the claim therein. We do not question the ultimate judgment there for these reasons, but reject defendants'

contention that the Superior Court, Appellate Division, placed an interpretation of general applicability upon *N. J. S.* 2A :42–38.

It may be argued that a limitation of one year's lawful rent upon a singular monthly violation is unrealistic as a limitation when one considers that the monthly rental would have to be over five times the amount of the lawful base rental before the limitation would operate. This argument is not sufficiently compelling to persuade an adoption of an interpretation which would subvert the legislative design. *Horwitz v. Reichenstein,* 15 *N. J.* 6, 8 (1954) ; *Asbury Park Press v. City of Asbury Park,* 19 *N. J.* 183, 196 (1955).

■ The jurisdictional power of the county district court to enter a judgment in excess of $1,000 under *N. J. S.* 2A :42–38 has been questioned by defendants on this appeal. Although not raised below, it is a proper matter for consideration. *Donnelly v. Ritzendollar,* 14 *N. J.* 96, 101 (1953).

■ The county district court is a court of limited jurisdiction. *Jamouneau v. Harner, supra,* 16 *N. J.,* at 511. *N. J. S.* 2A :6–34 imposes a general jurisdictional amount in controversy of $1,000. Damage actions stemming from motor vehicle accidents, however, are cognizable when the amount in dispute does not exceed $3,000, and it is also provided that "County district courts *shall also* have jurisdiction in actions between landlords and tenants." (Emphasis supplied) This, standing alone, would point to jurisdiction of civil actions contemplated by the State Rent Control Act of 1953 under the liberal interpretation accorded statutes extending jurisdiction. 3 *Sutherland on Statutory Construction, supra, sec.* 6803. All doubt is removed by the express words of *N. J. S.* 2A :42–38 directing the action to be brought in the county district court and providing that

"Judgment may be rendered for *any* amount which is found to be due to the tenant under the provisions of this section." (Emphasis supplied.)

Original jurisdiction of *N. J. S.* 2A :42–38 actions is thus exclusively bestowed upon the county district courts without

regard to the amount in controversy. Compare the divergence of opinion in the federal courts upon jurisdictional issues pursuant to the Housing and Rent Act of 1947 at 10 *A. L. R. 2d* 249, 304.

We conclude that the limitation of one year's lawful rental upon recovery in an action brought pursuant to *N. J. S.* 2*A* :42–38 is applicable to each individual violation in accepting excessive rent and that the county district court has the requisite statutory jurisdiction to entertain actions where the amount demanded exceeds $1,000.

The judgment is affirmed.

*For affirmance*—Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—5.

*For reversal*—Chief Justice VANDERBILT, and Justice HEHER—2.