39 N.J. Super. 463 (1956)
121 A.2d 446
WILLIAM HERR, GEORGE SALAY, ANNA M. GOVIA AND MARY HURBANS, PLAINTIFFS-RESPONDENTS,
v.
LUDWIG GOETZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1956.
Decided March 15, 1956.
*464 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. James A. Major argued the cause for defendant-appellant.
Mr. Jesse Moskowitz argued the cause for plaintiffs-respondents.
*465 PER CURIAM.
This is an appeal by a landlord from a judgment entered in the Bergen County District Court in favor of the tenant-plaintiffs for three times the amount of rent received from them by the defendant in excess of lawful base rentals, pursuant to the State Rent Control Act of 1953 (N.J.S. 2A:42-14 to 55; L. 1953, c. 216, as amended).
Three rental units are involved. The monthly rental ceilings were $32.50, $36 and $33, respectively. Prior to July 1, 1954 the landlord applied to the Bergen County Rent Control Agency for increases, based upon increased services. At the same time he arranged with each tenant to begin forthwith to pay him $65 a month on the basis of an agreement reading as follows:
"LUDWIG GOETZ, landlord of the undersigned tenant, does hereby acknowledge that he is receiving from such tenant a sum of rent in excess of the present authorized rental, and will arrange to hold such sum in escrow pending the determination of the Bergen County Rent Control Agency or any appellate board on said landlord's application for an increase in the authorized rental because of increased service presently being given to the tenant beyond that which the landlord is actually obliged to render.
If such determinations are of a sum less than that which is now received for an one month rental period then such amounts received over and above the amount determined shall be returned by the landlord to the undersigned tenant who by this agreement releases said landlord from any liability which may arise by virtue of the acceptance of the rent here tendered." (Emphasis ours)
Two of the agreements were in writing and one was oral. Sixty-five dollars per month was received from each tenant for the months of July, August, September and October 1954. On October 11, 1954 the Agency increased the authorized rentals to $65 per month, effective prospectively. Under the agreement, consequently, the landlord purportedly was entitled to, and did, in fact, retain the excess rentals received during the four months referred to, thus ratifying the violation of the statute constituted by the receipt of the excess payments. Indeed, any increase of the rental scales by decision of the Agency, no matter how small, would, under the agreement, have necessarily involved retention of unlawful rentals by the landlord, as retroactive rental *466 increases are not permitted by the statute. N.J.S. 2A:42-28. It is not to be doubted, therefore, that the plain intent and purpose of the arrangement was to effectuate the enjoyment by the landlord of rentals in excess of those authorized, whether or not, as argued, and as found by the district court, "the defendant was acting in good faith and in the belief that he was permitted to do what he was in fact doing." The statute does not authorize mitigation of damages recoverable thereunder, on grounds of "good faith."
Defendant contends that he is not liable for triple the excess rents under the statute because he did not "receive" the overcharge, within the meaning of N.J.S. 2A:42-26; that the moneys were paid him in escrow and held in trust, to be returned to the tenants upon the event specified, and that therefore the "unconditional" receipt of excess rents allegedly contemplated by the statute never occurred. The contention is specious. First, the statute does not qualify the kind of receipt which it makes unlawful. The language of the agreement itself indicates the moneys are regarded as having been "received." Second, the contractual condition was, as already indicated, consistent with a retention by the defendant of moneys in excess of the amounts allowed by law even after the decision by the Rent Control Agency. In fact, as noted, the defendant did retain the excess rentals after that decision notwithstanding a demand for the refund thereof by the plaintiffs. The narrow construction of the statute urged upon us by the defendant would substantially frustrate the important public policy underlying the legislation and deemed by the law-makers to require the stringent sanction resorted to here by plaintiffs. See Friedman v. Podell, 21 N.J. 100 (1956).
Affirmed.