Frank I. GORDON and Marion V. Gordon, Appellants,

v.

LOEW'S Incorporated, a Delaware Corporation, Paramount Film Distributing Corporation, a Delaware Corporation, RKO Radio Pictures, Inc., a Delaware Corporation, Twentieth Century-Fox Film Corporation, a Delaware Corporation, Warner Bros. Pictures Distributing Corporation, a New York Corporation, Columbia Pictures Corporation, a New York Corporation, Universal Film Exchanges, Inc., a Delaware Corporation, and United Artists Corporation, a Delaware Corporation.

John C. GORDON, Helen Gordon and Joseph Gordon, Appellants,

v.

LOEW'S Incorporated, a Delaware Corporation, Paramount Film Distributing Corporation, a Delaware Corporation, RKO Radio Pictures, Inc., a Delaware Corporation, Twentieth Century-Fox Film Corporation, a Delaware Corporation, Warner Bros. Pictures Distributing Corporation, a New York Corporation, Columbia Pictures Corporation, a New York Corporation, Universal Film Exchanges, Inc., a Delaware Corporation, and United Artists Corporation, a Delaware Corporation.

Nos. 12214, 12215.

United States Court of Appeals Third Circuit.

Argued June 11, 1957.

Decided July 31, 1957.

As amended on Denial of Rehearing Sept. 16, 1957.

Richard Orlikoff, Chicago, Ill. (Howard Engel, Stein, Stein & Engel, Jersey City, N. J., Wolff, Frankel, Pennish & Orlikoff, Chicago, Ill., on the brief), for appellant.

Willard G. Woelper, Newark, N. J. (Toner, Crowley, Woelper & Vanderbilt, Newark, N. J., John F. Caskey, Stanley

Godofsky, Leonard Stecher, E. Compton Timberlake, Marvin H. Ginsky, Bernard E. Kalman, New York City, on the brief), for appellees.

Before MARIS, STALEY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

These appeals from summary judgments entered by the District Court for the District of New Jersey in favor of the defendants raise the question whether the plaintiffs' actions for treble damages under section 4 of the Clayton Act [1] are barred by an applicable statute of limitations.

The complaints, one by Frank I. Gordon and Marion V. Gordon and the other by John C. Gordon, Helen Gordon and Joseph Gordon, were each filed in the district court on March 3, 1955 against the same defendants, Loew's Incorporated, a Delaware corporation, Paramount Film Distributing Corporation, a Delaware corporation, Paramount Pictures, Inc., a New York corporation, RKO Radio Pictures, Inc., a Delaware corporation, Twentieth Century-Fox Film Corporation, a New York corporation, Twentieth Century-Fox Film Corporation, a Delaware corporation, Warner Bros. Pictures Distributing Corporation, a New York corporation, Columbia Pictures Corporation, a New York corporation, Universal Film Exchanges, Inc., a Delaware corporation, and United Artists Corporation, a Delaware corporation, all of which were motion picture producers or distributors.

Plaintiffs Frank and Marion Gordon asserted in their complaint that they were the sole stockholders of Northwest Theatre Company, an Illinois corporation which had been dissolved on February 16, 1950 and which had leased and operated the Wicker Park Theatre in Chicago from April 15, 1929 to May 14, 1949.

Plaintiffs John, Helen and Joseph Gordon asserted in their complaint that they were the sole stockholders of Gordon Brothers Treatre Company, an Illinois corporation which had been dissolved on January 25, 1949 and which had operated the Chopin Theatre in Chicago from September 1, 1922 to January 1, 1947.

Each complaint asserted that the defendants had uniformly followed a system which violated the antitrust laws of releasing feature motion pictures for exhibition in Chicago to the injury of the theatre operated by the corporation of which the plaintiffs were surviving stockholders. Each complaint sought to recover treble damages for the alleged injury to the business and property of the corporation. All the plaintiffs claim the right to bring these suits as surviving stockholders of their respective corporations and, in addition, all of them except Joseph Gordon claim the right to bring the suits as assignees from their respective corporations of the causes of action sued on.

By an earlier order with which we are not here concerned the district court dismissed the complaints as against defendants Paramount Pictures, Inc., and Twentieth Century-Fox Film Corporation, New York corporations, for improper venue. Thereafter, the remaining defendants filed motions for summary judgment, asserting that the causes of action had abated at the expiration of two years after the dissolution of the respective corporations by virtue of the provisions of section 94 of the Illinois Business Corporation Act, S.H.A. ch. 32, § 157.94 or, in the alternative, that the actions were barred by the New Jersey statute of limitations. The district court decided that the causes of action had abated under the Illinois Business Corporation Act and accordingly entered judgment in each case dismissing the

1. "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C.A. § 15.

454

complaint. D.C., 147 F.Supp. 398. These appeals followed. Since substantially the same questions are involved in each case the appeals were consolidated and considered together in this court.

■ At the time these suits were instituted there was no federal statute of limitations applicable to suits under the federal antitrust laws,[2] it being then settled that the statutes of limitations of the state in which the district court was sitting were to be applied by that court to federal antitrust litigation.[3] Accordingly, since these cases were brought in the District Court in New Jersey we must determine whether the statutes of that state operate to bar their prosecution.

■ At the outset we note that New Jersey has not enacted a so-called "borrowing statute," i. e., a law directing that the statute of limitations of the state in which a cause of action arose shall be applied to bar a suit on such cause of action if brought in New Jersey. New Jersey has thus not departed from the settled common law rule of conflict of laws that the forum applies only its own procedural statute of limitations and does not give effect to a statute of another state in which the cause of action

arose unless that statute has been held by the state which enacted it to be substantive in nature, operating as a condition terminating the existence of the right instead of merely barring the remedy.[4] For this reason we do not need to take account of the limitation imposed by section 94 of the Illinois Business Corporation Act[5] to the extent that it is procedural in nature. And in view of our conclusion as to the applicability of the New Jersey statute we are not called upon to determine the question whether the Illinois statute can have the substantive effect of terminating at the expiration of two years after the dissolution of their respective corporations the causes of action which these plaintiffs as surviving stockholders assert have been given them by the federal antitrust laws.[6]

The sections of the New Jersey Revised Statutes, N.J.S.A., having possible applicability here as statutes of limitations are as follows:

"2A:14–1. 6 years

"Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious

2. By the Act of July 7, 1955, 69 Stat. 283, section 4B was added to the Clayton Act specifically imposing a four-years limitation upon suits in such cases, effective January 7, 1956, 15 U.S.C.A. § 15b.

3. 28 U.S.C. § 1652; Chattanooga Foundry & Pipe Works v. Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Bluefields S. S. Co. v. United Fruit Co., 3 Cir., 1917, 243 F. 1, 20, error dismissed 248 U.S. 595, 39 S.Ct. 136, 63 L.Ed. 438; Williamson v. Columbia Gas & Electric Corporation, 3 Cir., 1939, 110 F.2d 15, certiorari denied 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407.

4. Compare Restatement, Conflict of Laws, § 604, and Jaqui v. Benjamin, 1910, 80 N.J.L. 10, 77 A. 468, with Restatement, Conflict of Laws, § 605, and Abbott v. Vico, 1952, 24 N.J.Super. 10, 93 A.2d 417.

5. "§ 94. Survival of remedy after dissolution. The dissolution of a corporation

either (1) by the issuance of a certificate of dissolution by the Secretary of State, or (2) by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or (3) by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name." S.H.A. ch. 32, § 157.94, 5 Jones Illinois Statutes Annotated, 1934–1949 Cum.Supp., 32.096.

6. See the discussion of this question by Judge Hartshorne in Florida Wholesale Drug v. Ronson Art Metal Works, D.C. N.J.1953, 110 F.Supp. 573, 574–575.

injury to the rights of another not stated in sections 2A:14–2 and 2A:14–3 of this title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued."

"2A:14–10. 2 years * * *; actions on penal statutes

"All actions at law brought for any forfeiture upon any penal statute made or to be made, shall be commenced within the periods of time herein prescribed:

\* \* \* \* \* \*

"b. Within 2 years next after the offense committed or to be committed against the statute, or cause of action accrued, when the benefit of the forfeiture and the action therefor is or shall be limited or given to the party aggrieved;

\* \* \* \* \* \*

"Where, however, by any statute made or to be made it is provided that any such action is to be brought within a shorter time than that prescribed by this section, such action shall be commenced within the time so provided by that statute." N.J. S.A. 2A:14–1, 10.

Upon examining these statutes we observe that the period of limitation applicable to the actions here in question is six years, as provided by section 2A:14–1 unless the plaintiffs' actions for treble damages under section 4 of the Clayton Act are to be regarded as actions brought for a forfeiture upon a penal statute within the meaning of section 2A:14–10, in which case the limitation of two years provided by that section is applicable.

■ In the action brought by John, Helen and Joseph Gordon it appears from the face of their complaint that the cause of action sued upon arose more than six years before the complaint was filed. For in that case it is alleged that their corporation ceased operating the theatre in question on January 1, 1947 and was dissolved on January 25, 1949, both dates being more than six years before the suit was instituted. It is therefore, perfectly clear that their suit is barred by section 2A:14–1 [7] if not by section 2A:14–10. The district court accordingly did not err in dismissing it.

In the suit brought by Frank and Marion Gordon, however, it appears from their complaint that their corporation operated the theatre in question up to May 14, 1949 and was not dissolved until February 16, 1950, both dates being less than six years but more than two years prior to the date the suit was instituted. Their suit was, therefore, not barred by section 2A:14–1 but would be barred by section 2A:14–10 if it is applicable.

■ This brings us to the question whether section 2A:14–10 of the Revised Statutes of New Jersey was applicable to bar Frank and Marion Gordon's suit for treble damages under section 4 of the Clayton Act. In determining that question we must, we believe, take that statute to have the meaning and scope which the New Jersey courts have given it in relation to state suits analogous to federal antitrust actions.[8] A recent decision of the Supreme Court of New Jersey, Addiss v. Logan Corp., 1957, 23 N.J. 142, 128 A.2d 462, sheds much light upon this question which was not available to the district court in this and prior cases.[9] The Addiss case involved the question

7. H. J. Jaeger Research Laboratories v. Radio Corporation, 3 Cir., 1937, 90 F. 2d 826.

8. See Fulda and Klemme, The Statute of Limitations in Antitrust Litigation, 1955, 16 Ohio St.L.J. 233, 239 et seq.

9. Florida Wholesale Drug v. Ronson Art Metal Works, D.C.1953, 110 F.Supp. 573; Shelton Electric Co. v. Victor Talking Mach. Co., D.C.1922, 277 F. 433.

whether section 2A:14–10 applied to bar an action for treble damages brought by a tenant against his landlord under the State Rent Control Act. The Supreme Court of New Jersey held that section 2A:14–10 was applicable to such an action. Justice Burling who delivered the opinion of the court stated, 23 N.J. at pages 148–149, 128 A.2d at page 465:

"Plaintiffs urge upon their cross-appeal that the trial court erroneously limited their recovery of treble damages to rental overcharges occurring within a two-year period prior to commencement of the action. The holding in this regard was based upon N.J.S. 2A:14–10, N.J.S.A., which provides, inter alia:

" 'All actions at law brought for any forfeiture upon any penal statute made or to be made, shall be commenced within the periods of time herein prescribed:

\* \* \* \* \* \*

" 'b. Within 2 years next after the offense committed or to be committed against the statute, or cause of action accrued, when the benefit of the forfeiture and the action therefor is or shall be limited or given to the party aggrieved; \* \* \* ' The argument is that the State Rent Control Act is not a penal statute, hence the limitation does not apply.

"The statutory penalty of N.J.S. 2A:42–38, N.J.S.A., is both remedial and penal, a factor inferentially recognized in Friedman v. Podell, supra. [21 N.J. 100, 121 A.2d 17.] Cf. Ryan v. Motor Credit Co., Inc., 130 N.J.Eq. 531 (Ch.1941) affirmed 132 N.J.Eq. 398, 28 A.2d 181, 142 A.L.R. 640 (E. & A.1942). The tenant recovers the measure of unlawful rental extracted and by statutory direction is the recipient of the punitive award. The total recovery is arbitrarily computed; it takes cognizance of the actual loss only as a base. According to the statutory direction the landlord 'forfeits' an amount three times that base. This operates as a sanction. True, it is largely a wrong to the individual but excessive rental charges also impugn the statutory purpose of stabilizing rentals in emergency areas and thus incidentally wrong the public. Compare Cruickshanks v. Eak, 33 N.J.Super. 285, 110 A.2d 61 (Law Div.1954). A further point why the court below was correct in applying the limitation is the desire to prevent actions such as this, having penal characteristics, from being unlimited. See Boswell v. Robinson, 33 N.J.L. 273 (Sup.Ct. 1869); Borough of Fair Lawn v. Fairlawn Transportation, Inc., 25 N.J.Misc. 331, 53 A.2d 628 (Sup.Ct. 1947). But cf. Shelton Electric Co. v. Victor Talking Mach. Co., 277 F. 433 (D.C.N.J.1922). We concur in the conclusion that the two-year limitation of N.J.S. 2A:14–10(b), N.J.S.A. was applicable to the plaintiffs' causes of action."

■ The action for treble damages given by section 4 of the Clayton Act is essentially similar in its pertinent characteristics to the action for treble damages which the New Jersey State Rent Control Act, N.J.S.A. 2A:42–14 et seq. gave to a tenant. To paraphrase what Justice Burling said in the Addiss case with regard to the State Rent Control Act, the person injured by reason of action forbidden by the antitrust laws recovers the measure of the injury to his business or property and by statutory direction is the recipient of the punitive award. The total recovery is arbitrarily computed; it takes cognizance of the actual loss only as a base. According to the statutory direction the defendant must pay an amount three times that base. This operates as a sanction. True it is largely a wrong to the individual but violations of the antitrust laws also impugn the Congressional purpose of freeing interstate commerce from restraints and monopolies and thus incidentally wrong the public. Indeed the violation of those laws is not only subject to this sanction but is also made a

misdemeanor, punishable by fine and imprisonment.[10] We think it is clear, in the light of the Addiss opinion, that for the purpose of the application of section 2A:14–10 of the New Jersey Revised Statutes, section 4 of the Clayton Act must be regarded as a penal statute within the purview of that section.

It is suggested that section 4 of the Clayton Act cannot thus be held to be a penal statute because the Supreme Court of the United States held in Chattanooga Foundry & Pipe Works v. Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, that the five years limitation upon suits "for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise" imposed by the predecessor of section 2462 of title 28, United States Code, was not applicable to such a suit. It must, of course, be conceded that such a suit is not for a penalty within the meaning of the federal statute of limitations now incorporated in section 2462. But it does not follow that the law which authorizes such a suit to be brought may not be a penal statute within the meaning of section 2A:14–10 of the New Jersey Revised Statutes. For "penal" and "penalty" are not words of art. On the contrary, as is the case with many other terms used in the law, their meaning varies with the circumstances in which they are used and takes on the meaning in each instance which the user intends. See Huntington v. Attrill, 1892, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123. As an illustration we may point out that actions under the antitrust laws at other times and in other settings have been described by the federal courts as authorizing the recovery of a penalty.[11] And indeed the fact that the antitrust laws had been held to be penal in respect to the application of the statutes of limitations of some states but not of others was one of the reasons why Congress in 1955 enacted the uniform statute of limitations applicable to these cases.[12]

All we are called upon to decide and all we do decide is that section 4 of the Clayton Act is a penal statute within the meaning of that phrase as used in section 2A:14–10 of the Revised Statutes of New Jersey, and that, therefore, the suit brought by Frank and Marion Gordon is barred by the limitation imposed by that section.

It is persuasive, although of course not controlling, that in similar cases in the federal district court in Illinois involving the application of the Illinois statute of limitations to suits for treble damages under the Clayton Act the Court of Appeals for the Seventh Circuit reached a conclusion similar to that to which we have come in this case.[13]

10. Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2.

11. Fleitmann v. Welsbach Co., 1916, 240 U.S. 27, 29, 36 S.Ct. 233, 60 L.Ed. 505; Decorative Stone Co. v. Building Trades Council, 2 Cir., 1928, 23 F.2d 426, 427, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005; H. J. Jaeger Research Laboratories v. Radio Corporation, 3 Cir., 1937, 90 F.2d 826, 828; Sun Theatre Corp. v. RKO Radio Pictures, 7 Cir., 1954, 213 F.2d 284, 287; Paramount Film Distributing Corp. v. Applebaum, 5 Cir., 1954, 217 F.2d 101, 105, certiorari denied Applebaum v. Paramount Pictures, 349 U.S. 961, 75 S.Ct. 892, 99 L.Ed. 1284.

12. See S.Rept. No. 619, accompanying H.R. 4954, 84th Cong. 1st Sess., which became the Act of July 7, 1955, in which it is stated at pages 4–5, U.S.Code Cong. and Adm.News 1955, p. 2331:

"It can therefore be seen that not only are the provisions of State law establishing time limitations upon actions to recover a statutory liability inconclusive insofar as ascertaining the correct period in which to bring suit is concerned, but they frequently create the additional problem of determining whether the statutory liability imposed under the antitrust laws is in the nature of a penalty or forefeiture, or otherwise.

"It is one of the primary purposes of this bill to put an end to the confusion and discrimination present under existing law where local statutes of limitations are made applicable to rights granted under our Federal laws. This will be accomplished by establishing a uniform statute of limitations applicable to all private treble damage actions as well as Government damage actions, of 4 years."

13. Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d

The judgments of the district court will be affirmed.

### On Petition for Rehearing.

MARIS, Circuit Judge.

The plaintiffs in these two cases have filed a petition for rehearing. So far as they seek a reargument of the question of the applicability to a federal anti-trust suit of the two years limitation imposed by section 2A:14-10 of the Revised Statutes of New Jersey, N.J.S.A., the petition presents nothing which has not heretofore been fully presented to and considered by the court. We, therefore, merely state that we adhere to the conclusion expressed in the opinion heretofore filed that this statute is applicable to bar the suit of Frank and Marion Gordon.

For the first time in this court the plaintiffs John, Helen and Joseph Gordon now state in the petition for rehearing that the six years limitation of section 2A:14-1 of the Revised Statutes of New Jersey, N.J.S.A. is not applicable to bar their suit because a Government antitrust suit, entitled United States v. Paramount Pictures, Inc., D.C., 85 F. Supp. 881, was pending against the present defendants in the District Court for the Southern District of New York during a portion of the period of six years before they brought their suit. It is true, as these plaintiffs state, that under section 5 of the Clayton Act, 15 U.S.C.A. § 16, the running of the New Jersey statute of limitations would have been suspended during the pendency of this Government antitrust suit as to every private right of action on any matter complained of in said suit. It is unnecessary for us to consider whether such a suspension actually occurred, however, since it is conceded that the Government antitrust suit in question had terminated as against all the defendants in both the present suits more than two years before either of these suits was begun.

Since, as we have held, the two years statute of limitations of New Jersey was applicable to bar the suit brought by Frank and Marion Gordon, that statute was also applicable to bar the similar suit brought by John, Helen and Joseph Gordon even if the six years statute was suspended by the pendency of the Government suit. Accordingly the question of the applicability of the six years statute to the suit of John, Helen and Joseph Gordon is wholly academic.

The petition for rehearing will be denied.

912, certiorari denied 342 U.S. 947, 72 S.Ct. 555, 96 L.Ed. 704; Schiffman Bros. v. Texas Co., 7 Cir., 1952, 196 F.2d 695;

Sun Theatre Corp. v. RKO Radio Pictures, 7 Cir., 1954, 213 F.2d 284.