**SKOURAS THEATRES CORPORATION et al., Plaintiffs,**

v.

**RADIO–KEITH–ORPHEUM CORPORA- TION et al., Defendants.**

United States District Court
S. D. New York.

Dec. 3, 1959.

See also 19 F.R.D. 151; 21 F.R.D. 347; 23 F.R.D. 9.

Weisman, Celler, Allan, Spett & Sheinberg, New York City, for plaintiffs, Milton C. Weisman, Adolph Kaufman, Joseph A. Ruskay, Ralph J. Schwarz, Jr., Daniel A. Cohen, New York City, of counsel.

Louis Phillips, New York City, for defendants, Paramount Pictures Corp., Paramount Pictures, Inc., and Paramount Film Distributing Corp.

Simpson, Thacher & Bartlett, New York City, for defendants, Paramount Pictures Corp., Paramount Pictures, Inc., Paramount Film Distributing Corp., and American Broadcasting Paramount Theatres, Inc.

**164**

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant United Artists Corp.

Donovan, Leisure, Newton & Irvine, New York City, for defendants Radio-Keith-Orpheum Corp., RKO Radio Pictures, Inc., and RKO Pictures Corp.

Myles J. Lane, New York City, for defendants, Stanley Warner Management Corp., and Stanley Warner Corp.

Ferdinand Pecora, New York City, for defendant Columbia Pictures Corp.

Adolph Schimel, New York City, for defendants, Universal Pictures Corp., Inc., and Universal Film Exchanges, Inc.

R. W. Perkins, New York City, for defendants, Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corp., and Warner Bros. Pictures Inc. (in dissolution), Louis Nizer, E. Compton Timerlake, New York City, of counsel.

DIMOCK, District Judge.

In this private treble damage antitrust case defendants move for summary judgment dismissing all claims of plaintiffs which accrued with respect to certain theatres in the State of New Jersey more than two years before the commencement of this action. The motion is made on the ground that such claims are classed as forfeitures upon penal statutes and barred by the two-year statute of limitations of the State of New Jersey[1] as made applicable by Section 13 of the New York Civil Practice Act[2]. Plaintiffs are non-residents of New York and thus do not come within the exception expressed in that section.

■ The present federal statute of limitations governing private antitrust causes, 69 Stat. 283, 15 U.S.C. § 15b, is not applicable because it applies only to actions begun after January 7, 1956, and this action was begun in 1953. "In the absence of an applicable federal statute of limitations, federal courts look to the statute of the forum". Bertha Building Corp. v. National Theatres Corp., 2 Cir., 269 F.2d 785, 788, decided August 24, 1959, citing Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241. The limitation statute of the forum to be looked to includes such borrowing provisions as those of Section 13 of the Civil Practice Act. Seaboard Terminals Corporation v. Standard Oil Co., D.C.S.D.N.Y., 24 F.Supp. 1018, affirmed on opinion below, 2 Cir., 104 F.2d 659; Electric Theater Co. v. Twentieth Century-Fox Film Corp., D.C.W.D.Mo.W.D., 113 F. Supp. 937, 939; Walder v. Paramount Publix Corporation, D.C.S.D.N.Y., 132 F. Supp. 912, 919. See also Cope v. Anderson, 331 U.S. 461, 465, 67 S.Ct. 1340, 91 L.Ed. 1602.

■ Since the claims which are the subject of this motion arose in New Jersey, see Seaboard Terminals Corporation v. Standard Oil Co. and Walder v. Paramount Publix Corporation, supra, they are barred under the New York borrowing statute if they are barred under New Jersey law. Therefore, if we find that they are barred under New Jersey law, we need go no farther. Our first task will thus be to determine the New Jersey period of limitation.

---

1. Title 2A, New Jersey Statutes, § 14-10 provides:
    "All actions at law brought for any forfeiture upon any penal statute made or to be made, shall be commenced within the periods of time herein prescribed:
    \*     \*     \*     \*     \*
    "b. Within 2 years next after the offense committed or to be committed against the statute, or cause of action accrued, when the benefit of the forfeiture and the action therefor is or shall be limited or given to the party aggrieved
    \*  \*  \*."

2. Section 13 provides:
    "Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon the cause of action, except that where the cause of action originally accrued in favor of a resident of this state, the time limited by the laws of this state shall apply."

It is a New Jersey statute of limitations, not a federal statute, that we are applying. We are trying to find out whether when the New Jersey legislature spoke of an action "for any forfeiture upon any penal statute" * * * "when the benefit of the forfeiture and the action therefor is or shall be limited or given to the party aggrieved", it meant to include an action like an antitrust action under the Sherman Act for treble damages. We are seeking the meaning of the quoted words when used in a statute of New Jersey; decisions as to their meaning in a statute of the United States or of some other state are important only for such slight bearing as they may have in the determination of what the legislature of New Jersey meant.

Even if the Sherman Act had declared that an action thereunder for treble damages should not be deemed to be an action upon a penal statute with the benefit of the forfeiture and the action thereon limited or given to the party aggrieved, the question would still be open whether the action was not in fact, if not in its federal name, one of the actions which the New Jersey legislature intended to be within the bar of the two-year statute. Congress and the decisions of the federal courts are supreme in determining the actual nature of a treble damage action under the Sherman Act but the legislature and the decisions of the courts of the state where the action is brought are (or were before the adoption of the federal statute of limitations) supreme in determining whether an action of a nature so determined is within the bar of that state's statute of limitations. See the reliance on a New York decision interpreting New York statutes of limitation in Bertha Building Corp. v. National Theatres Corp., supra, 269 F.2d 785, 788.

In Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S. Ct. 65, 66, 51 L.Ed. 241, the Supreme Court held that a treble damage action under the Sherman Act was not an action "for any penalty or forfeiture" within the meaning of the five-year limitation in section 1047 of the Revised Statutes, 28 U.S.C. § 791 (1940 ed.) *, that since it was not within any federal statute of limitations the Tennessee statute would apply, and that it was not within a Tennessee statute providing that actions for "statute penalties" must be brought "within one year after cause of action accrued" but rather within a Tennessee statute providing that "all other cases" should be brought within ten years. In holding that the one-year "statute penalty" statute did not apply, the Supreme Court affirmed the Circuit Court of Appeals which had reached that result on the authority of Massachusetts, Federal and Tennessee case law construing the word "penalty". The Court's opinion, 6 Cir., 127 F. 23, 64 L.R.A. 721, was written by Judge Lurton who had earlier been Chief Justice of the Supreme Court of Tennessee. In affirming, Mr. Justice Holmes said at page 398 of 203 U.S., at page 66 of 27 S.Ct.: "Although the decision is appealed from, as this question involves the construction of local law we cannot but attribute weight to the opinion of the judge who rendered the judgment, in view of his experience upon the supreme court of Tennessee."

It is true that Justice Holmes in the Chattanooga case referred to federal decisions as well. It must be remembered, however, that he was dealing with the laws of but two sovereignties, the United States and the state of the forum. Here we are concerned with the laws of three, the United States, the State of New York and the State of New Jersey. The law of the United States adopts the law of New York and the law of New York adopts the law of New Jersey. If attention is to be paid to any law other than that of New Jersey we would naturally turn first to that of New York. Under the law of that sovereignty it is settled that, where there is interplay of the laws of two sovereignties, the words of a state statute are to be construed in

* Now 28 U.S.C. § 2462.

the way that the law of that state construes them. Matter of Donegan, 282 N.Y. 285, 290, 26 N.E.2d 260. We are here concerned only with the name that the New Jersey Legislature would have given an action having the nature of this one.

The decision of the Third Circuit in Gordon v. Loew's, Incorporated, 247 F. 2d 451, is precisely in point. The court there held that a case of this type is barred by the two-year statute of limitations, section 14–10 of title 2A of the New Jersey Statutes, set out in footnote 1 above.

Plaintiffs claim that the Third Circuit not only was wrong in attempting to apply the New Jersey law but failed in the attempt. The New Jersey case on which the court relied was Addiss v. Logan Corporation, 23 N.J. 142, 128 A.2d 462. There the New Jersey Supreme Court held the two-year statute applicable to an action under a statute permitting the recovery of three times the amount of a landlord's overcharge of rent. Plaintiffs argue that the Addiss case recognized that an action under the antitrust laws was not barred by the two-year statute of limitations. This argument is based on the following portion of the Addiss opinion quoted in Gordon v. Loew's Incorporated, 247 F.2d at page 456:

"The statutory penalty of N.J.S. 2A:42–38, N.J.S.A., is both remedial and penal, a factor inferentially recognized in Friedman v. Podell, supra [21 N.J. 100, 121 A.2d 17.] Cf. Ryan v. Motor Credit Co., Inc., 130 N.J.Eq. 531 [23 A.2d 607] (Ch. 1941) affirmed 132 N.J.Eq. 398, 28 A.2d 181, 142 A.L.R. 640 (E. & A. 1942). * * * A further point why the court below was correct in applying the limitation is the desire to prevent actions such as this, having penal characteristics, from being unlimited. See Boswell v. Robinson, 33 N.J.L. 273 (Sup.Ct.1869); Borough of Fair Lawn v. Fairlawn Transportation, Inc., 25 N.J.Misc. 331, 53 A.2d 628 (Sup.Ct.1947). But cf. Shelton Electric Co. v. Victor Talking Mach. Co., 277 F. 433 (D. C.N.J.1922). We concur in the conclusion that the two-year limitation of N.J.S. 2A:14–10(b), N.J.S.A. was applicable to the plaintiffs' causes of action."

Plaintiffs say:

"In enunciating one of the very reasons for holding the rent overage proceeding penal—namely that otherwise it would be subject to no limitation period—the court in the Addiss case contrasted that proceeding with the Shelton case, an action under the Clayton Act, thereby clearly indicating that such an action was already subject to a limitation statute, to wit, the six year one as held in the Shelton case."

This is an ingenious argument based on the form in which the New Jersey court cited the Shelton case, but I reject the conclusion. The expression "But cf." is too cryptic to serve as a basis for a conclusion that the court intended by it to approve an apparently contrary case. The expression precedes the citation of the Shelton case and follows a statement that the court below was correct in applying the two-year limitation for the further reason that courts incline toward finding limitations for penal actions and a citation of two cases which are applications of that reason. While the court in the Shelton case did not say that it was influenced in refusing to apply the two-year statute by the fact that there would still be some limitation of the time during which the claim could still be asserted, it must be admitted that the Shelton case did present a state of facts and law where that argument could have been applied. If we assume, as plaintiff urges, that the court in the Addiss case did cite the Shelton case as an approved example of the successful application of that argument, it is hard to understand the court's use of the conjunction "But" before the abbreviation "cf.". The court in the Addiss case, in the beginning of the same paragraph, used the expression "cf.", without any "But", for its usual function of indi-

cating an example of an application of the same rule to a different state of facts rather than an example of a contrary decision. Though delphic, I take the addition of "But" to the "cf." to be a recognition that the cited decision is contrary to the decision below which, in the first part of the preceding sentence, the court had said was correct. Thus it is an indication of disapproval of the Shelton case rather than an indication of its approval as an example of the proper result of the absence of facts which would bring into play the just stated "desire to prevent actions * * *, having penal characteristics from being unlimited." The fact that the expression is contained in the same paragraph with the statement of that desire is evidently without significance. That paragraph is quite as much concerned with the general proposition that the two-year statute applies as with the desire to prevent actions from being unlimited. In its beginning it states the conclusion that the action for recovery of three times the overcharge is both remedial and penal. It then passes to the quoted approval of the decision of the court below and discussion of the policy of leaning toward limitations of penal actions, citing cases on that point. Then, set off by full stops, comes the bone of contention, "But, cf. Shelton Electric Co. v. Victor Talking Mach. Co., 277 F. 433 (D.C.N.J.1922)", followed closely by a return to approval of the decision of the court below.

Incidentally, the Shelton case, though contrary to Gordon v. Loew's, Inc., is distinguishable from that at bar in that the Federal Court was applying the New Jersey limitation directly and not through the medium of a borrowing statute of another state.

Aside from the fact that the Third Circuit's opinion in the Gordon case, although not binding on this court, is entitled to weight, see Hardy v. Rossell, D.C.S.D.N.Y., 135 F.Supp. 260, 266, I quite agree with the Gordon holding. It has been twice reaffirmed. Carlton Lamp Corporation v. General Electric Company, 3 Cir., 254 F.2d 815; Dean Oil Company v. American Oil Company, 3 Cir., 254 F.2d 816, certiorari denied 358 U.S. 835, 79 S.Ct. 58, 3 L.Ed.2d 72.

My decision is thus that the period of limitation which would be applied by the State of New Jersey is two years. Since it is not claimed that there is a shorter period of limitation applicable under the law of the State of New York, all claims accruing with respect to theatres in the State of New Jersey more than two years before the commencement of this action must be dismissed.

Motion granted. Settle order on notice.