## LAYTON et al. v. McCONNELL.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

1. JUSTICES OF THE PEACE—POWER TO INCREASE DAMAGES—CONSTRUCTION OF STATUTES.

Code Civ. Proc. § 1184, provides that, where double, treble, or other increased damages are given by statute, single damages are to be found by the jury, except where a different rule is prescribed, and the sum so found increased by the court. The section is in a chapter which section 3347, subds. 4, 7, declare applies only to the supreme court, city court of the city of New York, and the county courts. Section 2862, subd. 2, gives a justice of the peace jurisdiction in actions for injury to property where the sum claimed does not exceed $200. Section 2868 declares that a justice's court, where special provision is not otherwise made by law, is vested with all the necessary powers possessed by the supreme court. Held, that in an action for an amount within a justice's jurisdiction for injury to property under section 654 of the Penal Code, which provides that, in addition to the punishment prescribed, treble damages may be recovered in a civil action by the owner, a justice of the peace has power to treble the damages found by the jury.

2. JUDGMENT—SEPARATE VERDICT—TRESPASS.

In an action for damages for malicious trespass against two defendants, a separate verdict against one is proper where the evidence is insufficient as against the other, since the fact that only one is guilty of two persons charged does not deprive plaintiff of the right to recover.

3. APPEARANCE—PROCESS—WAIVER.

The fact that defendants appeared and answered without raising any question as to the regularity of the summons is a waiver of the right to raise such question on appeal.

4. SAME—INDORSEMENT ON SUMMONS.

Code Civ. Proc. § 1893, provides that, where a penalty or forfeiture is given by a statute to a person aggrieved, the person to whom it is given may maintain an action to recover the amount thereof. Section 1897 provides that in such an action, if the copy of the complaint is not

delivered to the defendant with a copy of the summons, a general reference to the statute must be indorsed on the copy of the summons delivered. *Held*, that the summons in an action for malicious trespass on land, brought under Pen. Code, § 654, and allowing treble damages, need not be indorsed, since section 1897 relates to actions brought primarily for the recovery of penalties and forfeitures prescribed by statute, and not to actions for damages in which penalties are only incidental to the recovery.

Appeal from Orange county court.

Action by Samuel P. Layton and another against Lizzie McConnell and another. From a judgment and order of the county court affirming a judgment entered in justice's court in favor of plaintiffs against Lizzie McConnell, the latter appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry Bacon, for appellant.

M. N. Kane, for respondents.

WOODWARD, J. This action was brought before a justice of the peace of the town of Warwick, Orange county, to recover damages for injury to property under the provisions of section 654 of. the Penal Code, which provides, in addition to the punishment prescribed, that the defendant is "liable in treble damages for the injury done, to be recovered in a civil action by the owner of such property." A summons, such as is customary in a civil action, was duly served upon the defendants, who appeared in person on the return day. The plaintiffs put in a written complaint, charging the defendants jointly with entering upon lands of plaintiffs, on which the latter had a growing crop of corn, and, without leave of the plaintiffs, the owners thereof, unlawfully and willfully tramping down, pulling up, destroying, and injuring a large part of said field of corn, "whereby said plaintiffs lost said corn; and the defendants thereby, by force of section 654 of the Penal Code, forfeited and became liable to pay the plaintiffs treble the amount of damages thereby occasioned; and plaintiffs, by reason of said acts, were damaged in the sum of fifteen dollars." The complaint then demands judgment for $15, as well as for the treble damages. The defendants put in a written answer, making—First, a general denial; second, that the acts complained of were done by leave of the plaintiffs; and, third, that in and by the lease of said premises to the plaintiffs from the defendants, the said defendants reserved the right and privilege at any time to go upon the premises leased to gather the apples and all other fruit and berries grown upon said premises. After putting in this answer, which, under all the authorities, is a waiver of any irregularity in the service or contents of the summons (Cowenhoven v. Ball, 118 N. Y. 231, 234, 23 N. E. 470), the defendants demanded a nonsuit, and the motion was denied. There was no objection or exception to this ruling of the court, and the case was adjourned from the return day, July 25, 1899, to August 8, 1899, the defendants first having called for a jury. Subpœnas were issued, and upon the adjourned day both parties appeared in person and by attorney. The record does not show that any objection was raised to proceeding with the trial, and

witnesses in behalf of both parties were called and examined without objection or exception by either. After the evidence was closed, counsel for plaintiffs and defendants summed up to the jury, and, without any motion, objection, or exception of any kind, the case was submitted, resulting in the jury finding a verdict against Mrs. McConnell alone for six dollars, and for malicious mischief. The court thereupon, in compliance with the provisions of section 654 of the Penal Code, directed the entry of judgment for treble damages, with costs, making in the aggregate $29.35. The evidence did not, in the judgment of the jury, require any finding against James H. McConnell, and he was acquitted. The case was appealed to the county court of Orange county, three questions being urged: First, that the verdict of the jury was against the weight of evidence; second, that, the action being for a penalty, and the complainant not having been served with the summons, and the summons not referring to the statute, the court had no jurisdiction; and, third, that the justice had no power to treble the damages found by the jury. The same questions are raised upon this appeal, with the additional one that the separate verdict against the wife was improper.

Assuming that it is the duty of this court to examine and pass upon questions not raised upon the trial, or even upon the appeal to the county court, we will consider them in the order following:

We have examined the evidence as set forth in the record, and there can be no question that it is sufficient to support the verdict. Under such circumstances the county court had no power to reverse the judgment as being against the weight of evidence (City of Brooklyn v: Brooklyn City & N. R. Co., 11 App. Div. 168, 170, 42 N. Y. Supp. 371, and authorities there cited), and this court will hardly interfere.

The next point suggested by the appellant is that the justice had no power to treble the damages. Section 1184 of the Code of Civil Procedure provides that:

"Where double, treble, or other increased damages are given by statute, single damages only are to be found by the jury; except in a case where the statute prescribes a different rule. The sum so found must be increased by the court, and judgment rendered accordingly."

This section would seem to be conclusive, but the appellant urges that it is not controlling, because its operation is confined to the supreme court, city court of the city of New York, and the county courts, under the provisions of section 3347, subds. 4, 7, Code Civ. Proc. It is conceded that section 1184 of the Code of Civil Procedure is new; that it was adopted to bring the practice within the rule laid down in Newcomb v. Butterfield, 8 Johns. 342, and King v. Havens, 25 Wend. 420; and it is questionable whether it is limited in its scope by the blanket provisions of restriction found in section 3347, adopted at the time of formulating the Code of Civil Procedure. It did not purport to change the rule of law declared in the cases cited; it was merely declaratory of the law as it existed. In King v. Havens, supra, it was said:

"Treble damages are the legal consequence of the finding, as certainly as a judgment is the consequence of a verdict. * * * If the jury find the

defendants guilty of the trespass as alleged within the act, they are to assess single damages, and it is then the duty of the court to treble them."

This being the law at the time of the adoption of section 1184 of the Code of Civil Procedure, and no intent being disclosed to modify the law as it existed, the mere fact that the section finds a place within a chapter which, for the purposes of the act as originally adopted, was limited to certain courts, cannot have the effect of denying jurisdiction to justices' courts, where such jurisdiction is specially provided for by law. Section 2862 of the Code of Civil Procedure provides (subdivision 2) that a justice of the peace shall have jurisdiction in "an action to recover damages for a personal injury, or an injury to property, where the sum claimed does not exceed two hundred dollars"; and section 2868 of the Code provides that "a justice of the peace must hold, within his town or city, a court for the trial of any action or special proceeding, of which he has jurisdiction, brought before him. * * * He must hear, try and determine the same according to law and equity, and for that purpose, where special provision is not otherwise made by law, the court is vested with all the necessary powers possessed by the supreme court." There is no other provision made by law for the securing of treble damages under the provisions of section 654 of the Penal Code than such as are pointed out by section 1184 of the Code of Civil Procedure; and, as section 2868 of the Code of Civil Procedure was under the consideration of the legislature and was amended so recently as 1899, it may be assumed that the clause extending the powers of the supreme court to a justice of the peace for the purpose of carrying out the law is controlling. It is the province of the jury to determine the facts, not the law. It is for the jury to say what damages the plaintiffs have actually suffered, and then the law steps in, and says that these shall be trebled. Section 1184 of the Code of Civil Procedure merely points out the method for greater certainty, but it does not change or limit the law; and it is absurd to say that the legislature, in giving justices of the peace jurisdiction to hear, try, and determine actions for personal injuries or injuries to property, where the amount claimed is less than $200, has denied to these courts the power to give the plaintiffs the judgment which the law provides under the circumstances established by the evidence.

For a third point the appellant suggests that a separate verdict against the wife was improper. There was no question of husband and wife involved in this controversy. The defendants, it may be, are husband and wife, but this fact does not appear in the record. Two persons are sued to recover damages for malicious trespass upon the property held by the plaintiffs under a lease. The evidence is insufficient to charge one of them, and the other is held to be guilty of the trespass. It is a civil action for damages, in which the policy of the law has seen fit to charge the guilty defendant three times the actual damages; and the fact that only one of two persons charged with the trespass is guilty does not deprive the plaintiffs of the right to recover.

But it is urged that the summons was not indorsed as required by the statute, and that the justice, therefore, acquired no jurisdiction.

It is not disputed that the defendants appeared in the action and answered, without raising any question as to the regularity of the summons, and the only question which appears to have been raised by any stretch of construction was upon a motion for a nonsuit after the answer was in, and before any evidence was taken. It does not appear that any ground for this motion was stated, nor was there any exception to the denial of the motion. From the manner in which the action was conducted on the part of the defendants, it is reasonable to conclude that the question of the alleged irregularity of the summons was never called to the attention of the justice; and, as we have already pointed out, the defendants would have no right to complain if it were held that they had waived the right to raise this question on appeal. However, we have concluded to discuss the question upon its merits. The contention is that this action is governed by the provisions of section 1897 of the Code of Civil Procedure, which provides that:

"In an action to recover a penalty or forfeiture, given by a statute, if a copy of the complaint is not delivered to the defendant with a copy of the summons, a general reference to the statute must be indorsed upon the copy of the summons so delivered," etc.

This section of the Code of Civil Procedure comes under the general head of "Action by a private person for a penalty or forfeiture," and section 1893 provides that:

"Where a penalty or forfeiture is given by a statute, to a person aggrieved by the act or omission of another, the person to whom it is given may, if it is pecuniary, maintain an action to recover the amount thereof; or, if it consists of the forfeiture of a chattel, he may maintain an action to recover the chattel, or its value, or other damages, as the case requires."

It is in reference to this class of actions that section 1897 of the Code of Civil Procedure speaks, and not of actions brought primarily to recover damages for injuries to property, where the penalty is incident to the maintenance of the cause of action alleged. That this is the correct view of the provision is evidenced by the next article of the Code of Civil Procedure, which is entitled "Certain actions to recover damages for wrongs"; and section 1901, under this heading, provides that "in an action, brought by the adverse party, as prescribed in the last section, the plaintiff, if he recovers final judgment, is entitled to recover treble damages." No one has ever suggested that in an action of the character provided for by section 1900 of the Code of Civil Procedure it was necessary that the summons should contain any mention of the statute. It was held in Sprague v. Irwin, 27 How. Prac. 51, that the summons in an action for willful trespass upon land, though claiming treble damages, need not be indorsed; and we find no authority questioning this conclusion. We are of opinion, therefore, that section 1897 of the Code of Civil Procedure has relation to actions brought primarily for the recovery of penalties and forfeitures prescribed by statute, and not to actions for damages, in which penalties are only incidental to the recovery, and depend upon the verdict of the jury and the operation of law.

The judgment and order appealed from should be affirmed, with costs. All concur.