NORA SYFERT, Plaintiff, v. LENETT REALTY CORPORATION and Another, Defendants.

Supreme Court, Kings Special Term, May 8, 1925.

Trial — place of trial — motion to change place of trial pursuant to Civil Practice Act, § 184, subd. 1, in action under Real Property Law, § 535, for treble damages for forcible entry and detainer, denied — action is not to recover penalty within language of Civil Practice Act, § 184, subd. 1.

The penal provision contained in section 535 of the Real Property Law, permitting treble damages in an action for forcible entry and detainer, is merely incidental to the right to recover damages generally in such an action and does not constitute a penalty within the meaning of subdivision 1 of section 184 of the Civil Practice Act.

Accordingly, the place of trial of an action demanding treble damages for forcible entry and detainer under section 535 of the Real Property Law should not be transferred from Kings county to New York county, though the property where the alleged transactions occurred be located in New York county, since the action is not one, in the language of subdivision 1 of section 184 of the Civil Practice Act, " to recover a penalty or forfeiture imposed by statute."

MOTION for change of place of trial.

*Richards, Smyth & Conway* [*Albert Conway* of counsel], for the plaintiff.

*J. Philip Berg,* for the defendant Lenett Realty Corporation.

*Barnett E. Kopelman,* for the defendant Freedman.

CARSWELL, J.:

This is a motion for change of venue upon three grounds. Two of them, convenience of witnesses and residence of the plaintiff, need not be considered. Neither presents a meritorious question on the record herein. The other ground is that this action is required by section 184, subdivision 1, of the Civil Practice Act to be tried in New York county. The action is for treble damages for " forcible entry or detainer." (Real Prop. Law, § 535, as added by Laws of 1920, chap. 930.) It is claimed that such an action is one, in the language of section 184, subdivision 1, of the Civil Practice Act, " to recover a penalty or forfeiture imposed by statute." If this claim is sound, the action must be transferred to New York county, as it arose there, since the property where the alleged acts occurred is located in New York county.

In an action to recover treble damages under the Penal Law (§ 1433), in addition to punishment prescribed in the Penal Law, a question arose whether or not the summons should be indorsed with a reference to the statute prescribing the penalty or forfeiture, where

another statute required such an indorsement on the summons " in an action to recover a penalty or forfeiture given by statute." It was held in such a case that where the action is brought primarily for the recovery of a penalty and forfeiture, such indorsement is indispensable (where no complaint is served), but where the action is for damages in which penalties are only incidental to recovery such an indorsement is not needful. It was in the latter category that the action under consideration was placed. (*Layton* v. *McConnell*, 61 App. Div. 447.) The same construction for the same reasons should be placed upon the corresponding language in section 184 of the Civil Practice Act in this case. The action herein is for damages, the right to which exists independent of the penal provision in section 535 of the Real Property Law, for treble damages. The penal provision is, therefore, incidental to the right to recover damages generally. That which defendants insist is a penalty under section 184 of the Civil Practice Act is merely a provision, penal in its nature, which does not constitute a penalty within, and is not intended to be comprehended within the language of section 184 of the Civil Practice Act. The case of *Marchand* v. *Haber* (16 Misc. 322) is not to the contrary. Uniformity of decision, with reference to the same or corresponding language in practice acts or statutes, requires that *Layton* v. *McConnell* (*supra*) be followed.

Motion denied.