**SEABOARD TERMINALS CORPORATION et al. v. STANDARD OIL CO. OF NEW JERSEY et al.**

District Court, S. D. New York.
June 30, 1938.

O'Connor & Farber, of New York City (Henry K. Urion and Stephen V. Ryan, Jr., both of New York City, of counsel), for plaintiffs.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (John W. Davis, Edwin F. Blair, Judson McLester, Jr., and D. Nelson Adams, all of New York City, of counsel), for defendant Standard Oil Co. of New Jersey.

Louis Mead Treadwell, of New York City (Stafford Smith and Henry B. Potter, both of New York City, of counsel), for Socony-Vacuum Oil Co., Inc.

Kellogg, Emery & Inness-Brown, of New York City (David Paine, J. Branch Darby, and Harold Kronig, all of New York City, of counsel), for defendant American Oil Co.

PATTERSON, District Judge.

The action is one at law for treble damages under section 4 of the Clayton Act, 15 U.S.C.A. § 15, to the effect that any person injured in business or property by reason of anything forbidden in the anti-trust laws may recover threefold the damages sustained. The defendants have made motions under Rule 107 of the New York Rules of Civil Practice to dismiss the action on the ground that it is barred by the statute of limitations.

The action was commenced on June 29, 1936. The amended complaint shows that the plaintiffs are Maryland corporations, Seaboard Terminals Corporation owning all the stock of Seaboard Midland Corporation; that the defendant Standard Oil Company is a Delaware corporation, defendant Socony-Vacuum Oil Company a New York corporation and defendant American Oil Company a Maryland corporation; that Seaboard Terminals in 1924 acquired a long lease on waterfront property in Baltimore on which it built storage tanks, pipe lines and terminal facilities for storing, handling and transshipping gasoline and other petroleum products, and it engaged in the business of furnishing such facilities to concerns dealing in such products; that Seaboard Midland in 1924 engaged in the business of buying gasoline and other petroleum products, chiefly in cargo lots, and selling the same at wholesale to dealers, chiefly in tank car lots, using the facilities of Seaboard Terminals, and that Seaboard Midland was engaged in interstate commerce in that it purchased gasoline in California and other states, took delivery in cargo lots, and sold and delivered in tank cars from the Seaboard Terminals plant in Maryland to customers in various states. It is alleged that the defendants, who were also engaged in buying, transporting and selling gasoline in interstate commerce from and to various states including Maryland, conspired to restrain interstate commerce in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note and to destroy the business of Seaboard Terminals and the business of Seaboard Midland; that in pursuance of the conspiracy the defendants, beginning in 1925, arbitrarily fixed prices, cut off Seaboard Midland from sources of supply and did other oppressive acts, with the result that Seaboard Midland was forced out of business in March 1933 and Seaboard Terminals was obliged to sell its properties at a loss in May 1933; that later one of the defendants and a subsidiary of another made claims against Seaboard Midland for moneys alleged to be due them and commenced suits in Maryland against it in August and September 1933. Damages of $4,800,000 for Seaboard Midland and $168,000 for Seaboard Terminals are demanded.

The defendants show in their moving papers, as bearing on the statute of limitations, that the Maryland statute is to the effect that actions on the case must be commenced within three years from accrual (Code of Public General Laws, article 57, section 1). It is also shown that two of the defendants, American Oil Company and Standard Oil Company of New Jersey, for many years have been doing business in Maryland and have been subject to suit there, American Oil Company being a Maryland corporation and Standard Oil of

New Jersey having an office and agents there.

■■ The period of limitation for civil actions under the antitrust statutes, not being specified by Congress, is to be found in the law of the forum. Chattanooga Foundry & Pipe Works v. Atlanta, 203 U. S. 390, 27 S.Ct. 65, 51 L.Ed. 241. When we examine ᵗʰe law of the forum, New York, we find that an action to recover on a liability created by statute must be commenced within six years after the cause of action accrued, Civil Practice Act, section 48; but by section 13 of the Civil Practice Act it is provided that where a cause of action arises outside of the state, an action may not be commenced in the state to·enforce such cause of action "after the expiration of the time limited by the laws of a state or country where the cause of action arose, for bringing an action upon such cause of action." From the amended complaint it is evident that the causes of action asserted in it arose in Maryland, the state where both plaintiffs were incorporated, had their principal places of business, and conducted their businesses. As to each plaintiff the thing said to have been harmed by the defendants' unlawful acts was the business or property, and the business or property was situated in Maryland. The causes of action thus arose in Maryland. Beale, Conflict of Laws, section 377.2. It follows that if the causes of action were barred by limitations in Maryland, they were barred here also. See Bluefields S. S. Co. v. United Fruit Co., 3 Cir., 243 F. 1.

The law of Maryland fixes three years from accrual of the cause of action as the period in which an action on the case may be commenced. The amended complaint shows that the last tortious act complained of occurred no later than March 1933, more than three years prior to commencement of action. The plaintiffs do not contend that the mere bringing of suits against Seaboard Midland in late 1933 postponed accrual of the causes of action asserted in the amended complaint. The action therefore was barred as to the two defendants which were present in Maryland and plainly subject to suit there.

■ As to the remaining defendant, Socony-Vacuum Oil Company, the situation is different. That company was not a Maryland corporation, and it does not appear from the defendants' papers that the plaintiffs could have commenced action against it in Maryland. There is a Maryland stat-

ute to the effect that time shall not run in favor of a defendant absent from the state when the cause of action arises, Code of Public General Laws, article 57, section 5. New York, in adopting the law of Maryland for limitations on actions of this type, adopts not only the period of limitation but also the provisions of Maryland that toll the running of the period. Hanna v. Stedman, 230 N.Y. 326, 130 N.E. 566; Irving National Bank v. Law, 2 Cir., 10 F.2d 721. Action against that defendant not having been barred in Maryland, there is nothing in section 13 of the Civil Practice Act that bars action against it here. The normal time fixed in the New York statutes for commencement of the action, six years, had not run when the action was instituted.

■■ The defendant Socony-Vacuum Oil Company, though not shown to have been subject to suit generally in Maryland, mainₜtains that it wasˑsubject to an action there for treble damages under the Clayton Act. By section 12 of the Clayton Act, 15 U.S.C. A. § 22, suit may be brought in the district where the defendant is an inhabitant or in any district "wherein it may be found or transacts business." By Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 403, 71 L.Ed. 684, the words "transact business" warrant maintenance of a suit against a foreign corporation which is continuously engaged in selling and shipping goods to dealers within the district, soliciting orders there through salesmen, and promoting demand for its goods through demonstrators who visit dealers there. The only activity of this defendant in Maryland shown on these papers, however, is the statement in the amended complaint that it has bought, sold, transported and caused to be transported gasoline and other petroleum products from and to Maryland, Pennsylvania and other states. In my opinion this falls short of alleging that it "transacted business" in Maryland to a sufficient extent to be subject to civil action there under the Clayton Act.

The plaintiffs' arguments against the running of limitations in favor of any defendant have not been overlooked. It is urged that a cause of action for treble damages under the national antitrust acts does not arise in any particular state. The fact is, however, that the cause of action does arise in the place or places where the impact of the defendants' conduct is felt by the plaintiffs, and if the law of the forum

refers to the law of such place or places for the applicable limitations on actions, the law of that place or places becomes controlling. It is alternatively urged that the plaintiffs' businesses were not confined to Maryland but extended over several states, the amended complaint showing that Seaboard Midland, if not Seaboard Terminals, was engaged in interstate commerce, and that consequently the statutes of limitations of other states as well as of Maryland must be consulted. But the amended complaint shows that the principal business of each plaintiff was in Maryland and that the alleged injuries were inflicted there. The plaintiffs' grievance is not based on specific injuries but on general injury to their respective businesses. The plaintiffs' affidavits bearing on business done in other states may not be considered, the sole question being whether the causes of action contained in the amended complaint are barred.

The motions to dismiss for limitations will be granted as to the defendants Standard Oil Company of New Jersey and American Oil Company and denied as to the defendant Socony-Vacuum Oil Company.