**SEABOARD TERMINALS CORPORATION et al. v. STANDARD OIL CO. OF NEW JERSEY et al.**

**No. 253.**

Circuit Court of Appeals, Second Circuit.

June 12, 1939.

O'Connor & Farber, of New York City (Henry K. Urion and Stephen V. Ryan, Jr., both of New York City, of counsel), for appellants.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (John W. Davis, Edwin F. Blair, Luke W. Finlay, and D. Nelson Adams, all of New York City, of counsel), for Standard Oil Co.

Kellogg, Emery & Inness-Brown, of New York City (David Paine and Harold Kronig, both of New York City, of counsel), for American Oil Co.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

▮▮▮ We adopt as our own Judge Patterson's opinion, D.C., 24 F.Supp. 1018, so far as it disposes of the action against the Standard Oil Company of New Jersey and the American Oil Company. We do not commit ourselves, however, as to the proposition that on a motion for summary judgment affidavits going beyond the complaint can under no circumstances be considered. The judgment finally disposes of the action, and if facts appear in affidavits which would justify an amended complaint, there may be ground for treating the complaint as though it were already amended to conform. The affidavits in the case at bar did not, however, add anything which changed the result. They showed (1) that the Midland's principal place of business was New York until September 1, 1931; (2) that most of its customers were outside Maryland; (3) that it had tanks and other apparatus in Pennsylvania and Virginia as well as in Maryland; and (4) that it bought its gasoline outside Maryland. Little of this is relevant, for the complaint specifies the damages suffered as made up of (1) the forced sale of its business in Baltimore, at a loss of about $550,000, and (2) running losses for the four years, 1930-1933, on an average of about $220,000 a year, making $880,000 in all; a total of $1,430,000. It does not appear where the other $170,000 was lost, but since the principal place of business was not in New York after September 1, 1931, at least two-thirds of the total loss must have been suffered in Maryland. If then the cause of action "arises" where the loss occurs, this cause of action arose in Maryland, for obviously there can be only one period of limitation for a single wrong, and this wrong was necessarily single. That demands that the several increments of loss must be integrated and localized somewhere, and the most reasonable, the only reasonable, place for that is where the greater part of them occurred. On the other hand, if the cause of action "arises" at the place of the incidence of the wrongful acts, and not of the losses, that, in the case at bar, was where the defendants deprived the plaintiffs of gasoline, which was at their tanks and other "facilities". In either view therefore the cause of action must be held to have "arisen" in Maryland.

Judgments affirmed.