### HOSKINS COAL & DOCK CORP. v. TRUAX TRAER COAL CO. et al.

#### No. 10412.

United States Court of Appeals
Seventh Circuit.

Oct. 17, 1951.

Earle E. Ewins, Edward S. Price, Chicago, Ill. (Musgrave, Ewins, Price & Notz, Chicago, Ill., of counsel), for appellant.

Weymouth Kirkland, Howard Ellis, and A. L. Hodson, all of Chicago, Ill. (Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., of counsel), for United Electric Coal Companies.

Harold A. Smith, Thomas A. Reynolds and Robert Tieken, all of Chicago, Ill. (Winston, Strawn, Shaw & Black, Chicago, Ill., of counsel), for defendant Truax-Traer Coal Co.

Before DUFFY, L I N D L E Y and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff sought to recover treble damages under Section 4 of the Clayton Act, Title 15 U.S.C.A. § 15. Defendants moved to dismiss the complaint upon the ground, amongst others, that, inasmuch as the cause of action asserted had arisen in Illinois, "more than two years prior to the commencement of the action" it was barred by the Illinois statute. Ill.Rev.Stat.1947, Chap. 83, § 15. The court allowed the motion and entered judgment dismissing the suit. This appeal followed.

Congress has enacted no statute of limitations governing private actions for treble damages under the Clayton Act. Consequently, to ascertain the applicable limitation, we must look to the statutes of the state where the cause of action arises and in which suit is brought, Chattanooga Foundry & Pipe Works, et al. v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241, and, in determining which of several provisions of the state statute will control, we are bound by the interpretations of those statutes by the courts of the State. Dibble v. Bellingham Bay Land Co., 163 U.S. 63, 16 S.Ct. 939, 41 L.Ed. 72; Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 469, 37 L.Ed. 316; Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133. In Bauserman v. Blunt, supra, the court quoted with approval this language from Leffingwell v. Warren, 2 Black, 599, 603, 17 L.Ed. 261: "The courts of the United States, in the absence of legislation upon the subject by congress, recognize the statutes of limitations of the several states, and give them the same construction and effect which are given by the local tribunals. * * * The construction given to a statute of a state by the highest judicial tribunal of such state is regarded as a part of the statute, and is as binding upon the courts of the United States as the text."

Ill.Rev.Statutes, Chap. 83, § 15 provides that actions to recover damages

for personal injuries, among others, and for "a statutory penalty * * * shall be commenced within two years * * * after the cause of action accrued." This provision, defendants assert, is controlling in the present case. On the other hand, plaintiff insists that its action is not one to recover a statutory penalty but one within section 16 of the statute which permits actions on unwritten contracts, "and all [other] civil actions not otherwise provided for" to be commenced within five years after they accrue.

The intent of the phrase, statutory penalty, as used in the statute, has been determined by the Supreme Court of Illinois in Chicago, Burlington & Quincy Railroad v. Jones, 149 Ill. 361, 37 N.E. 247, 258, 24 L.R.A. 141. There a shipper sued the railroad company, averring that the latter had charged him freight rates in excess of those fixed by state authorities in pursuance of a statute authorizing them so to do. Plaintiff sought to recover treble damages, under a statute, Ill.Rev.Stat.1947, Ch. 114, §§ 118–127, which provides that if any railroad company shall demand and collect unauthorized freight charges, the person injured may recover from the carrier "three times the amount of the damages sustained * * * with costs of suit and a reasonable attorney's fee, to be fixed by the court". The trial court permitted recovery of all demands accruing within two years, but denied relief as to those not coming into being within such period. The court held that, as to the demands denied, "the two-years statute of limitations was property pleaded, as, in this state, actions for a statutory penalty must be brought within two years next after the cause of action accrued." In view of the close analogy between the cause of action there involved and one arising under Section 4 of the Clayton Act the decision would seem to be controlling. Each is an action to recover treble damages, costs and attorneys fees, for violation of a statute. In each, threefold damages and attorneys fees are in the nature of a penalty not recoverable except by virtue of the statute. When "the object is clearly to inflict a punishment on a party for violating" the statute, it is penal

in character, and the circumstance that in punishing, remedy is likewise afforded to those having an interest in the observance of the statute is unimportant. Diversey v. Smith, 103 Ill. 378. The Illinois court has adhered to this interpretation in its consideration of similar statutes in Vestal Company v. Robertson, 277 Ill. 425, 115 N.E. 629 and Gridley v. Barnes, 103 Ill. 211.

Plaintiff, though conceding that the applicable statute is that of the state, insists that whether a federal cause of action falls within the provisions of a state statute is a question to be decided by the federal courts. Even should we admit arguendo that this is a proper postulate, no solace for plaintiff is to be found in federal decisions involving causes of action such as the one asserted here. Cases referring to such a recovery as "a penalty" of triple or treble damages include Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 29, 36 S.Ct. 233, 60 L.Ed. 505; Milwaukee Towne Corp. v. Loew's Inc., 7 Cir., 190 F. 2d 561; H. J. Jaeger Research Laboratories v. Radio Corp. of America, 3 Cir., 90 F.2d 826, 828; Decorative Stone Co. v. Building Trades Council, 2 Cir., 23 F.2d 426, 427–428, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005; Elizabeth Arden Sales Co. v. Gus Blass Co., 8 Cir., 150 F.2d 988, 996. We think plaintiff's reliance upon Chattanooga Foundry and Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 is misplaced. The court held that no federal limitation existed; that the applicable statute was that of Tennessee and, approving Judge Lurton's analysis of the decisions of that state, that the pertinent limitation was 10 years. Here, as there, the applicable limitation is that of the state. There the state determination was that the 10 year statute applied; here the state determination is that the two year statute controls. In other words, in Illinois, actions such as this are, as decided by the highest court of the state, barred within two years. This, under Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L. Ed. 316, is binding on us. The District Court properly dismissed the suit.

Other grounds are urged by defendants in support of the judgment but, inasmuch as the suit was not begun within two years after accrual of the cause of action, we do not reach them.

The judgment is affirmed.