BANANA DISTRIBUTORS, Incorporated; Percival B. Elbaum; Edith Elbaum; Joan S. Elbaum and Jerome D. Elbaum, minors, by Percival B. Elbaum, their guardian ad litem; and The Inland Corporation, Plaintiffs,

v.

UNITED FRUIT COMPANY; Fruit Dispatch Company; and John A. Werner, Defendants.

United States District Court
S. D. New York.
Dec. 12, 1957.

Smith, Mathews, Bell & Solomon, New York City, Attorneys for Plaintiffs Blackwell Smith and Ernest Leff, New York City, Arnold, Fortas & Porter, Washington, D. C., Thurman Arnold, Washington, D. C., of counsel.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Defendants. Theodore Kiendl, Ralph M. Carson, Porter R. Chandler, Edwin J. Jacob, David G. Gill, David L. Farley, Jr., New York City, of counsel.

LEVET, District Judge.

The question immediately involved in this action at this juncture is, what statute of limitations of the State of New York is available to the defense herein. It is concededly either a three-year period under Section 49, subdivision 3, or a six-year term under Section 48, subdivision 2 of the New York Civil Practice Act.

The action is for treble damages and injunctive relief under the antitrust laws. The complaint was filed on September 3, 1953. It alleges a combination and conspiracy in violation of the federal antitrust laws commencing sometime in 1946; the complaint also alleges various overt acts constituting an illegal use of defendants' monopoly power committed in 1947 and 1949 and continuously thereafter up to the date of suit.

When the complaint was filed on September 3, 1953, there was no federal statute of limitations governing treble damage actions under the antitrust laws. The uniform four-year statute of limitations now incorporated under the Clayton Act (15 U.S.C.A. § 15b) was not enacted until 1955.

Counsel for plaintiffs and counsel for defendants have agreed that the causes of action herein, if any, arose in Connecticut. Furthermore, under these conditions, the parties conceded that in determining the appropriate period of limitations this court must first look to the law of the forum, to wit, New York.

However, Section 13 of the New York Civil Practice Act (sometimes called the "borrowing provision") provides:

*"Limitation where cause of action arises outside of the state. Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, * * * "*

This "borrowing statute" (Section 13 of the New York Civil Practice Act) has been consistently applied when the cause of action arose in another jurisdiction. Seaboard Terminals Corporation v. Standard Oil Co. of New Jersey, D.C.S.D.N.Y., 1938, 24 F.Supp. 1018, affirmed 2 Cir., 1939, 104 F.2d 659; Bertha Building Corporation v. National Theatres Corporation, 2 Cir., 248 F.2d 833; cf. Cope v. Anderson, 1947, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602. There was no claim that any of the plaintiffs come within the saving clause in favor of New York residents.

Hence, we were forced to consider the relevant provisions of Section 8330 of the Statutes of the State of Connecticut, which is as follows:

*"Sec. 8330. Defendant's absence from the state to be excluded, when.* In computing the time limited in the several cases aforesaid, the time during which the party, against whom there may be any such cause of action, shall be without the state, shall be excluded from the computation."

A preliminary trial with a jury was held to determine whether the defendants Fruit Dispatch Company and United Fruit Company under said Section 8330 were "without the state" of Connecticut

during the years 1947–1953 (See opinion of this court with respect to certain phases thereof, dated December 5, 1957, D.C., 158 F.Supp. 153).

At the conclusion of this preliminary trial on December 5, 1957, the jury rendered a special verdict by which it was held that both of these corporate defendants, to wit, Fruit Dispatch Company and United Fruit Company, were "without the state" of Connecticut during the entire six-year period immediately prior to suit, that is, from September 3, 1947 through September 3, 1953. At this trial the defendants stipulated in effect that the defendant John A. Werner was not within the state in the appropriate period. The motion of defendants to set aside this verdict was denied.

■ Consequently, since the statute of limitations of Connecticut, in which the cause of action arose, is thus tolled by reason of all three defendants being out of the State of Connecticut, the New York Statutes of Limitations control. See American Surety Company of New York v. Gainfort, 2 Cir., 1955, 219 F.2d 111.

Section 48, subdivision 2 of the New York Civil Practice Act provides:

"§ 48. *Actions to be commenced within six years*. The following actions must be commenced within six years after the cause of action has accrued:

\* \* \* \* \* \*

"2. An action to recover upon a liability created by statute, except a penalty or forfeiture."

Section 49, subdivision 3 of the New York Civil Practice Act provides:

"§ 49. *Actions to be commenced within three years*. The following actions must be commenced within three years after the cause of action has accrued:

\* \* \* \* \* \*

"3. An action upon a statute for a penalty or forfeiture where the action is given to the person aggrieved or to that person and the people of the state, except where the statute

imposing it prescribes a different limitation."

This, then, is the issue for our decision: Is the period six years under Section 48, subdivision 2, or three years under Section 49, subdivision 3?

■ The general rule is that this court in interpretation of the New York State rules of limitation must look to the constructions of such rules as determined by the highest court of this state. Bauserman v. Blunt, 1893, 147 U.S. 647, 652, 13 S.Ct. 466, 37 L.Ed. 316; Dibble v. Bellingham Bay Land Co., 1896, 163 U.S. 63, 73, 16 S.Ct. 939, 41 L.Ed. 72.

■ Therefore, the question of whether the cause of action involved is a cause of action upon a statute for a penalty or forfeiture must be determined by the decisions of the courts of New York. Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912, certiorari denied 1952, 342 U.S. 947, 72 S.Ct. 555, 96 L.Ed. 704; Schiffman Bros., Inc., v. Texas Co., 7 Cir., 1952, 196 F.2d 695; Gordon v. Loew's Incorporated, 3 Cir., 1957, 247 F.2d 451.

■ The New York state courts may, of course, if they so elect, decide to be *guided* by federal court decisions as to the nature of a cause, especially if based upon federal statutes. See DiBitetto v. Sussman, 2d Dept. 1952, 279 App.Div. 1033, 112 N.Y.S.2d 356; Corcoran v. Nelson Towers Realty Corporation, Sup. N.Y.Co.1942, 42 N.Y.S.2d 265; Drenne v. Mutual Life Ins. Co. of New York, Sup.N.Y.Co.1943, 42 N.Y.S.2d 259.

Title 15 U.S.C.A. § 15 is as follows:

"15. *Suits by persons injured; amount of recovery*

"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sus-

tained, and the cost of suit, including a reasonable attorney's fee."

An analysis of the statutory provisions upon which the plaintiffs sue, clearly indicates that the actual loss sustained by plaintiffs is only a base upon which the sanction of treble damages is superimposed. Thus, the fundamentally penal character of the right of action is evident.

At the time of the passage of the Sherman Act, Senator Hoar of Massachusetts, an eminent member of the Bar, one of the sponsors of the bill in the Senate, said of Section 7 of the Sherman Act:

"* * * This section, which is proposed to be amended, is a section establishing a penalty, threefold damages. Now, you cannot clothe a state court with the authority to enforce a penalty. * * *

"* * * we cannot say that a state court shall be clothed with jurisdiction to enforce a claim for threefold damages suffered, which is purely penal and punitive." See 21st Cong.Rec., 3146–3147(51 Cong., 1st Sess., April 8, 1890).

In the Ninth Circuit in 1955 in Karseal Corporation v. Richfield Oil Corporation, 221 F.2d 358, 365, the opinion expounded the purposes of the antitrust acts:

"Free enterprise is a basic concept of our economy but contained therein is the corollary of free and fair competition. The broad scope of the antitrust laws, was part of the legislative scheme 'intended in the most comprehensive way to provide against combinations or conspiracies in restraint of trade or commerce * * *', D. R. Wilder Mfg. Co. v. Corn Products Refining Co., 1915, 236 U.S. 165, 173, 35 S.Ct. 398, 401, 59 L.Ed. 520, and thus gave substance to those basic concepts and corollaries. The Clayton Act was part of the overall plan and the 'right of the injured party to recover damages was intended to provoke greater respect to the Act * * *',

Maltz v. Sax, 7 Cir., 1943, 134 F.2d 2, 5, certiorari denied 319 U.S. 772, 63 S.Ct. 1437, 87 L.Ed. 1720. 'The treble-damage action was intended not merely to redress injury to an individual through the prohibited practices, but to aid in achieving the broad social object of the statute.' Fanchon & Marco v. Paramount Pictures, D.C.S.D.Cal.1951, 100 F.Supp. 84, 88, affirmed Fanchon & Marco, Inc., v. Paramount Pictures Inc., 9 Cir., 1954, 215 F.2d 167, certiorari denied 348 U.S. 912, 75 S.Ct. 293 [99 L.Ed. 715]. The object of the three main statutes, Sherman, Clayton and Robinson-Patman Acts, 15 U.S.C.A. § 1 et seq., comprising the antitrust laws, 'is to protect "the interstate market"', Balian Ice Cream Co. v. Arden Farms Co., D.C.S.D.Cal. 1950, 94 F.Supp. 796, 800." (At page 365.)

Judge Yankwich in Fanchon & Marco v. Paramount Pictures, Inc., D.C.S.D. Cal.1951, 100 F.Supp. 84, wrote:

"The treble-damage action was intended not merely to redress injury to an individual through the prohibited practices, but to aid in achieving the broad social object of the statute. * * *" (At page 88.)

In Fleitmann v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, at page 29, 36 S.Ct. 233, at page 234, 60 L.Ed. 505, Holmes, J., described a private Sherman Act case as involving "a penalty of triple damages."

In United States v. Standard Ultramarine and Color Company, D.C.S.D.N.Y. 1955, 137 F.Supp. 167, Judge Weinfeld wrote:

"Congress, to secure effective enforcement of the antitrust laws, provided both criminal and civil sanctions through governmental agencies. But it was not content to rely solely upon official action. It sought to encourage individuals to aid in the policing. And to help achieve the broad objectives of the Act the treble damage action was authorized

in favor of those who had been injured by the condemned conduct. Its purpose was not only the redress of private wrong but also the protection of the public interest. And 'Congress intended to use private self-interest as a means of enforcement * * * when it gave to any injured party a private cause of action * * *.' Another purpose in permitting an injured party to recover three-fold his actual damage was that substantial verdicts against the wrongdoer would constitute punitive sanctions—to act as a deterrent against a repetition of the offense and to serve as a warning of potential violators." (At page 171.)

As long ago as 1907, in the Circuit Court, Southern District of New York, in a case entitled American Banana Co. v. United Fruit Co., 153 F. 943, Judge Lacombe said:

" * * * It seems entirely clear that this is a penal action. It is instituted by a person who claims to have been injured by the unlawful acts of defendant to recover, not only the damages which will compensate him for any loss he has sustained, but also a penalty of twice as much again, which represents no damages, but only a fine imposed for bad conduct." (At page 944.)

In the Circuit Court of Appeals, Second Circuit, 1928, in the case entitled Decorative Stone Co. v. Building Trades Council, 23 F.2d 426, at page 427, involving the antitrust laws, Swan, Circuit Judge, stated:

"As to the claim for triple damages, the answer is found in the doctrine of Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505, where it was held that damages under section 7 of the Sherman Act (26 Stat. 209, 210 [15 U.S.C.A. § 15]) could not be awarded in a shareholder's representative action in equity, inasmuch as the act contemplated that the infliction of 'the penalty of triple damages' should not be enforced, 'otherwise than through the verdict of a jury in a court of common law.' * * * The right to recover penal damages still remains a right enforceable only in a common-law action." (Emphasis supplied.)

In a later case in the Second Circuit, in 1955, Lyons v. Westinghouse Electric Corporation, 222 F.2d 184, certiorari denied 1955, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737, a private triple damage action under the antitrust acts, Learned Hand, Circuit Judge wrote:

" * * * The remedy provided is not solely civil; two thirds of the recovery is not remedial and inevitably presupposes a punitive purpose. It is like a qui tam action, except that the plaintiff keeps all the penalty, instead of sharing it with the sovereign." (At page 189.)

To whom must the action upon a statute be a penalty or forfeiture? Judge Cardozo in Cox v. Lykes Brothers, 1924, 237 N.Y. 376, at page 380, 143 N.E. 226, 227, said:

" * * * We are to remember that the same provision may be penal as to the offender and remedial as to the sufferer Huntington v. Attrill, 146 U.S. 657, 667, 13 S.Ct. 224, 36 L.Ed. 1123; Loucks v. Standard Oil Co. of N. Y., 224 N.Y. 99, 120 N. E. 198. The nature of the problem will determine whether we are to take one viewpoint or the other."

In connection with a consideration of the statute of limitations in determining the pertinent section of the New York Civil Practice Act, the impact of a suit under the federal antitrust acts is clearly upon the defendants. The defendants pay, and as to them a penalty is exacted.

There are a number of cases involving civil antitrust litigation in which an action for treble damages under the Clayton Act has been held to be one brought to recover upon a liability created by statute within the meaning of Section 48, subdivision 2 of the New York Civil Practice Act, rather than one to recover

a penalty within the meaning of Section 49, subdivision 3 of the New York Civil Practice Act.

The leading decision in which this view is maintained is Leonia Amusement Corp. v. Loew's Inc., D.C.S.D.N.Y.1953, 117 F.Supp. 747. The court in the Leonia case viewed the problem as a two-fold one: "(a) what in federal law is the essential nature of a claim arising under Section 4 of the Clayton Act as amended; and (b) what New York statute of limitations would the New York courts hold applicable to this type or class of claim." (At page 752.)

In many of the cases cited in the Leonia opinion in which a non-penal characterization of a treble damage action was employed, there is little or no discussion as to the basis for the court's conclusion.[1] Instead, there is often an uncritical reliance on Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, as authority for such a non-penal characterization. The first question which had to be determined in the Chattanooga case was whether the federal five-year statute of limitations (Section 1047 of the Revised Statutes), 28 U.S.C.A. § 2462, was applicable to civil antitrust litigation. This statute read as follows:

"No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued: Provided, That the person of the offender, or the property liable for such penalty or forfeiture, shall, within the same period, be found within the United States; so that the proper process therefor may be instituted and served against such person or property."

Based upon previous federal authority, the court concluded that a civil antitrust action was not a "suit for a penalty" within the meaning of Section 1047. However, it is apparent from a reading of the three Chattanooga opinions [2] that in determining the applicable Tennessee statute of limitations, the respective courts were guided by their conception of Tennessee law.[3] Thus, the United States Supreme Court in affirming the judgment of the Circuit Court stated:

" * * * Although the decision is appealed from, as this question involves the construction of local law, we cannot but attribute weight to

---

1. See Seaboard Terminals Corporation v. Standard Oil Co. of New Jersey, D.C. S.D.N.Y.1938, 24 F.Supp. 1018, affirmed on other points 2 Cir., 1939, 104 F.2d 659; Pastor v. American Telephone & Telegraph Co., D.C.S.D.N.Y.1940, 76 F. Supp. 781; Dipson Theatres, Inc., v. Buffalo Theatres, Inc., D.C.W.D.N.Y., 1948, 8 F.R.D. 86; Winkler-Koch Engineering Co. v. Universal Oil Products Co., D.C.S.D.N.Y.1951, 100 F.Supp. 15; Momand v. Universal Film Exchange, Inc. D.C.D.Mass.1942, 43 F.Supp. 996.

2. City of Atlanta v. Chattanooga Foundry & Pipe Co., D.C.E.D.Tenn.1900, 101 F. 900, reversed 6 Cir., 1903, 127 F. 23, 64 L.R.A. 721, affirmed Chattanooga Foundry and Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241. For an excellent summary of the Chattanooga cases see footnote 26 of the Leonas opinion, 117 F.Supp. at page 753.

3. As was stated by Judge Lindley in Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912, at page 914:

"* * * We think plaintiff's reliance upon Chattanooga Foundry and Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 is misplaced. The court held that no federal limitation existed; that the applicable statute was that of Tennessee and, approving Judge Lurton's analysis of the decisions of that state, that the pertinent limitation was 10 years. Here, as there, the applicable limitation is that of the state. There the state determination was that the 10 year statute applied; here the state determination is that the two year statute controls. * * *"

Also pertinent is Judge Lindley's discussion in Sun Theatre Corp. v. RKO Radio Pictures, Inc., 7 Cir., 1954, 213 F.2d 284, at pages 287, 288.

the opinion of the judge who rendered the judgment, in view of his experience upon the supreme court of Tennessee. And although doubts were raised by the argument, we have come to agree with his interpretation in the main." Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 398, 27 S. Ct. 65, 66.

It seems clear, therefore, that the Chattanooga case is at best dubious authority for the non-penal approach adopted by some of the courts which have been confronted with the statute of limitations problem.

In other cases cited in the Leonia opinion in which a non-penal characterization had been adopted, the courts were guided in their determination by analogous state court statute of limitations decisions.[4]

Nevertheless, the court in the Leonia case concluded that a treble damage action, while providing for "exemplary damages," is not in its nature and substance a penal action. Turning to New York authorities, the court concluded that such an action for "examplary damages" would fall within Section 48, subdivision 2 of the New York Civil Practice Act. The following cases are cited as authority for this proposition:

1. Layton v. McConnell, 2d Dept.1909, 61 App.Div. 447, 70 N.Y.S. 679, 683.

This was an action under Section 654 of the Penal Code to recover treble damages for injury to property. Plaintiffs had judgment. On appeal, defendants urged as a basis for reversal that the action was for a penalty and that plaintiffs had failed to comply with Section 1897 of the Code of Civil Procedure, which provided that:

"In an action to recover a penalty or forfeiture, given by a statute, if a copy of the complaint is not delivered to the defendant with a copy of the summons, a general reference

to the statute must be indorsed upon the copy of the summons so delivered."

The Appellate Division held that Section 1897 did not apply to actions for treble damages brought under Section 654 of the Penal Code. Since the Layton decision did not involve a statute of limitations question but involved solely the sufficiency of an indorsement on a summons, it is of dubious authority for the position adopted by the court in the Leonia case.

2. Syfert v. Lenett Realty Corp., Sup.Kings Co.1925, 124 Misc. 871, 209 N.Y.S. 555.

The case likewise did not concern a statute of limitations question but rather involved a motion for change of venue of a treble damage action for forceable entry or detainer. The court in holding that the action was not one "to recover a penalty or forfeiture imposed by statute" within the meaning of Section 184, subdivision 1, of the New York Civil Practice Act, expressly and without discussion relied upon Layton v. McConnell, supra.

3. DiBitetto v. Sussman, 2 Dept.1952, 279 App.Div. 1033, 112 N.Y.S.2d 356.

The question there involved was whether summary judgment would lie in an action for treble damages for overcharge of rent under the Federal Rent Control Law. Rule 113, subdivision 3 of the New York Rules of Civil Practice authorizes the granting of summary relief in an action "On a statute where the sum sought to be recovered is a sum of money other than a penalty." The court, referring to several federal decisions which it apparently regarded as definitive, concluded that the action was not one for a penalty within the meaning of Rule 113, subdivision 3. Here, again, a statute of limitations question was not involved. Furthermore, the greater weight of federal authority in regard to a treble damage action under the anti-

4. Shelton Electric Co. v. Victor Talking Machine Co., D.C.D.N.J.1922, 277 F. 433; Reid v. Doubleday & Co., Inc., D.C.N.D. Ohio 1952, 109 F.Supp. 354 (action under Robinson-Patman Act, 15 U.S.C.A. § 13 et seq).

trust law supports a penal characterization of such an action.

The only other New York authority relied upon in the Leonia case was Cox v. Lykes Bros., 1924, 237 N.Y. 376, 143 N.E. 226. There, plaintiff, a seaman, sued to recover additional wages under Section 4529 of the United States Revised Statutes, 46 U.S.C.A. § 596, which read as follows:

> " * * * Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court."

The question involved was whether the state court had jurisdiction over the action in view of Section 256 of the Judicial Code, which conferred upon the courts of the United States exclusive jurisdiction "of all suits for penalties and forfeitures incurred under the laws of the United States." The New York Court of Appeals in holding that the action was not one for a penalty, stated: "Congress has expressly said that the extra compensation, when due, 'shall be recoverable as wages.' This would seem decisive, without more, that in determining the bounds of jurisdiction it is not to be classified as a penalty." (237 N.Y. at page 379, 143 N.E. 227.) No such express indication of Congressional intent can be found in the language of the treble damage provision of the Clayton Act.

I am, therefore, of the opinion that the disposition of this question in the Leonia case is erroneous for each of the following reasons:

1. It fails to recognize the fact that as to a defendant, for whose protection statutes of limitations exist, the treble damage provisions of the antitrust laws are, both from a historical as well as from a practical viewpoint, penal in nature;

2. It is in conflict with the greater weight of authority which supports a penal characterization of a treble damage action under the antitrust laws;

3. The New York authorities cited do not substantiate Leonia's determination of the applicable New York statute of limitations.

The case of Bertha Building Corporation v. National Theatres Corporation, 2 Cir., 248 F.2d 833, does not impel a contrary conclusion. There, the sole question before the Court of Appeals was whether Judge Galston had erred in determining without a jury that the defendant was amenable to suit in California between July 20, 1935 and July 20, 1938. The parties in the Bertha case conceded the applicability of a six-year statute of limitations in the event that the New York statute was found to be controlling.[5] The reference to Section 48, subdivision 2 of the New York Civil Practice Act appearing on the third page of the Bertha opinion must, it seems to me, be read in connection with the aforementioned concession of the parties and is, therefore, inapplicable to the case at bar.

It is persuasive, although, of course, not controlling, that in similar cases arising in the federal district courts of Illinois, Wisconsin and New Jersey, the Circuit Courts in the Seventh Circuit and Third Circuit have reached identical conclusions as to the penal nature of a treble damage action under the Clayton Act: Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912, certiorari denied 342 U.S. 947, 72 S.Ct. 555, 96 L.Ed. 704; Schiffman Bros., Inc. v. Texas Co., 7 Cir., 1952, 196 F.2d 695; Sun Theatre Corp. v. RKO Radio Pictures, Inc., 7 Cir., 1954, 213 F.2d 284; Grengs v. Twentieth Century

---

5. See Judge Galston's Conclusion of Law "2" appearing at page 290a of "Appendix to Brief for Plaintiffs-Appellants.

On Appeal From the United States District Court for the Eastern District of New York."

Fox Film Corporation, 7 Cir., 1956, 232 F.2d 325; Gordon v. Loew's Incorporated, 3 Cir., 1957, 247 F.2d 451.

In Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912, certiorari denied 342 U.S. 947, 72 S.Ct. 555, Judge Lindley held that the two-year penal limitation statute of the State of Illinois [6] was applicable to a civil antitrust action. In doing so, Judge Lindley observed that:

"* * * When 'the object is clearly to inflict a punishment on a party for violating' the statute, it is penal in character, and the circumstance that in punishing, remedy is likewise afforded to those having an interest in the observance of the statute is unimportant. Diversey v. Smith, 103 Ill. 378. The Illinois court has adhered to this interpretation in its consideration of similar statutes in Vestal Company v. Robertson, 277 Ill. 425, 115 N.E. 629 and Gridley v. Barnes, 103 Ill. 211.

"Plaintiff, though conceding that the applicable statute is that of the state, insists that whether a federal cause of action falls within the provisions of a state statute is a question to be decided by the federal courts. Even should we admit arguendo that this is a proper postulate, no solace for plaintiff is to be found in federal decisions involving causes of action such as the one asserted here. Cases referring to such a recovery as 'a penalty' of triple or treble damages include Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 29, 36 S.Ct. 233, 60 L.Ed. 505; Milwaukee Towne Corp. v. Loew's Inc., 7 Cir., 190 F.2d 561; H. J. Jaeger Research Laboratories v. Radio Corp. of America, 3 Cir., 90 F.2d 826, 828; Decorative Stone Co. v. Building Trades Council, 2 Cir., 23 F.2d 426, 427–428, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005; Elizabeth Arden Sales Co. v. Gus Blass Co., 8 Cir., 150 F.2d 988, 996." (191 F.2d at page 914.)

In Schiffman Bros., Inc. v. Texas Co., 7 Cir., 1952, 196 F.2d 695, in which a similar result was reached, Judge Lindley stated:

"The word 'penal' is not one of definite specific meaning but has variable connotations depending upon the environment in which it is utilized. That this court has considered the action as in the nature of a penalty, though unimportant in this decision, is apparent from Milwaukee Towne Corp. v. Loew's, Incorporated, 7 Cir., 190 F.2d 561, 570, wherein, referring to our earlier decision in Bigelow v. R. K. O. Radio Pictures, Inc., 7 Cir., 150 F.2d 877, 883, we said: '* * * the victim is permitted to use as a yardstick for measuring his damages what he would have gained as a member of or a beneficiary of the conspiracy, and is mandatorily awarded a judgment for three times the amount thus found. Certainly Congress did not intend to impose a *further penalty* upon the defendants * * *. Two-thirds of the judgment is *the penalty* imposed by Congress and automatically attaches to the damages found. Bigelow et al. v. R. K. O. Radio Pictures, Inc., 7 Cir., 150 F.2d 877, 883.' (Emphasis supplied.) And in H. J. Jaeger Research Laboratories v. Radio Corp., 3 Cir., 90 F. 2d 826, at page 828, the third circuit said: 'The Sherman Act created a new tort damage right for damages actually suffered, but also imposed a statutory trebling penalty.' These

---

6. "Ill.Rev.Statutes, Chap. 83, § 15 provides that actions to recover damages for personal injuries, among others, and for 'a statutory penalty * * * shall be commenced within two years * * * after the cause of action accrued.' This provision, defendants assert, is controlling in the present case. On the other hand, plaintiff insists that its action is not one to recover a statutory penalty but one within section 16 of the statute which permits actions on unwritten contracts, 'and all [other] civil actions not otherwise provided for' to be commenced within five years after they accrue." (191 F.2d at pages 913–914.)

comments are, however, as we have said, beside the point in this discussion, for the question now before us, presented to us in no case other than Hoskins, is, we repeat, what is the applicable statute of limitations in Illinois in an action for treble damages and attorneys' fees." (at page 697.)

In Sun Theatre Corp. v. RKO Radio Pictures, Inc., 7 Cir., 1954, 213 F.2d 284, Judge Lindley discussed the question of whether a plaintiff could avoid the effect of a penalty statute of limitations by suing only for actual damages and waiving the remaining two-thirds. On page 287 he said:

"The statute is explicit; the only remedy provided therein is 'threefold the damages' sustained. Giving to this language its plain meaning, we think the only permissible interpretation is that the remedy afforded is treble damages, penal in nature and susceptible therefore to all restrictions surrounding an action of such nature. The remedy has been so treated by this court in Bigelow v. RKO Radio Pictures, Inc., 7 Cir., 150 F.2d 877, reversed on other grounds 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652, wherein the court said, 150 F.2d at page 883: 'The amount of this verdict was required by statute to be trebled by the judgment. In this respect neither the jury nor either court had any discretion. The verdict should represent actual damages sustained, and two thirds of the judgment is a penalty which Congress has seen fit to impose * * *.' "

In Grengs v. Twentieth Century Fox Film Corporation, 7 Cir., 1956, 232 F.2d 325, the Seventh Circuit also held a Wisconsin statute, providing for a two-year limitation based upon a penalty or forfeiture, applicable to a civil antitrust action. The provisions of the Wisconsin Statutes involved were incorporated in the opinion in the following excerpt:

"* * * Defendants claim that § 330.21(1) Wisconsin Statutes 1951 is applicable. It provides a two-year limitation for:

" 'An action by a private party upon a statute penalty or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation.'

Plaintiff claims that § 340.19(4) [This is obviously an error by plaintiff who undoubtedly means § 330.19 (4)] of said statutes is applicable. It provides a six-year limitation for:

" 'An action upon a liability created by statute when a different limitation is not prescribed by law.'

Obviously, if the two-year limitation applies, the six-year limitation is inapplicable." (at pages 327–328.)

In Gordon v. Loew's Incorporated, 3 Cir., 1957, 247 F.2d 451, the Circuit Court was required to determine the New Jersey statute of limitations applicable to a civil antitrust action. The following excerpt from the court's opinion is pertinent:

"The sections of the New Jersey Revised Statutes, N.J.S.A., having possible applicability here as statutes of limitations are as follows:

" '2A:14–1. 6 years

" 'Every action at law for trespass to real property, for any tortious injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortious injury to the rights of another not stated in sections 2A:14–2 and 2A:14–3 of this title, or for recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.'

" '2A:14–10. 2 years * * *; actions on penal statutes

" 'All actions at law brought for any forfeiture upon any penal statute made or to be made, shall be commenced within the periods of time herein prescribed:

\* \* \* \* \* \*

" 'b. Within 2 years next after the offense committed or to be committed against the statute, or cause of action accrued, when the benefit of the forfeiture and the action therefor is or shall be limited or given to the party aggrieved;

\* \* \* \* \* \*

" 'Where, however, by any statute made or to be made it is provided that any such action is to be brought within a shorter time than that prescribed by this section, such action shall be commenced within the time so provided by that statute.' N.J. S.A. 2A:14–1, 10.

"Upon examining these statutes we observe that the period of limitation applicable to the actions here in question is six years, as provided by section 2A:14–1 unless the plaintiffs' actions for treble damages under section 4 of the Clayton Act are to be regarded as actions brought for a forfeiture upon a penal statute within the meaning of section 2A:14–10, in which case the limitation of two years provided by that section is applicable." (247 F.2d at pages 454–455.)

Relying upon the determination of the Supreme Court of New Jersey in Addiss v. Logan Corp., 1957, 23 N.J. 142, 128 A. 2d 462, the Third Circuit decided that the applicable statute was the two-year statute. The New Jersey decision in the Addiss case involved an action for treble damages brought by a tenant against his landlord under the State Rent Control Act. The Circuit Court in commenting on the Addiss decision said:

" \* \* \* To paraphrase what Justice Burling said in the Addiss case with regard to the State Rent Control Act, the person injured by reason of action forbidden by the antitrust laws recovers the measure of the injury to his business or property and by statutory direction is the recipient of the punitive award. The total recovery is arbitrarily computed; it takes cognizance of the actual loss only as a base. According to the statutory direction the defendant must pay an amount three times that base. This operates as a sanction. True it is largely a wrong to the individual but violations of the antitrust laws also impugn the Congressional purpose of freeing interstate commerce from restraints and monopolies and thus incidentally wrong the public. Indeed the violation of those laws is not only subject to this sanction but is also made a misdemeanor punishable by fine and imprisonment. We think it is clear, in the light of the Addiss opinion, that for the purpose of the applica- of section 2A:14–10 of the New Jersey Revised Statutes, section 4 of the Clayton Act must be regarded as a penal statute within the purview of that section." (247 F.2d at pages 456–457.)

*To conclude:*

■ 1. It appears that there are no authoritative New York decisions which are determinative of this issue. However, there is evidence that certain New York courts in decisions dealing with federal statutes have, in fact, resorted to federal determinations for guidance purposes.

2. The weight of authorities in federal decisions and in federal expressions of characterization require the choice of the penalty limitations statute of Section 49, subdivision 3 of the New York Civil Practice Act.

3. Realistic considerations of the nature and impact upon the defendants of the treble damage clause of Section 15, Title 15 U.S.C.A., persuades this court to sustain the three-year statute.

Accordingly, I find that the pertinent statute of limitations in this action is three years pursuant to Section 49, subdivision 3 of the New York Civil Practice Act.