637 A.2d 211

ANTHONY MASTICE, SR., AS ADMINISTRATOR AD PROSEQUEN-
DUM FOR THE HEIRS-AT-LAW, AND THE ESTATE OF AN-
THONY MASTICE, JR., DECEASED, INFANT AND INDIVIDU-
ALLY; AND JEANNE AVELLA MASTICE, PLAINTIFFS-RE-
SPONDENTS, v. INTERSTATE INDUSTRIAL CORPORATION,
DEFENDANT-APPELLANT, AND MOBIL OIL CORPORATION;
L & T CONTRACTING COMPANY, INC.; BAY CRANE SERVIC-
ES, INC.; XYZ CORPORATION (SAID NAME BEING FICTI-
TIOUS, TRUE NAME UNKNOWN); JOSEPH MASTICE; AND
JOHN DOES I-X (SAID NAMES BEING FICTITIOUS, TRUE
NAMES UNKNOWN), DEFENDANTS.

INTERSTATE INDUSTRIAL CORPORATION, PLAINTIFF, v.
PENNSYLVANIA MANUFACTURERS INSURANCE COMPANY,
DEFENDANT-APPELLANT, AND EMAR LTD., INC., AND
EMAR GROUP, INC., DEFENDANTS-RESPONDENTS, AND
COMMERCE & INDUSTRY INSURANCE COMPANY; UNITED
INSURANCE CONSULTANTS; NATIONAL UNION FIRE IN-
SURANCE COMPANY OF PITTSBURGH, PA.; STEVEN GER-
BER; STEVEN GERBER, INC.; AND ABC CORPORATIONS 1
THROUGH 100; JOHN DOES 1 THROUGH 100 (FICTITIOUS
NAMES FOR PRESENTLY UNKNOWN CORPORATIONS, PER-
SONS, AND ENTITIES), DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1994—Decided February 8, 1994.

Before Judges J.H. COLEMAN and MUIR, Jr.

*Robert J. McKenna* argued the cause for appellant Interstate Industrial Corporation (*Philip M. Lustbader, David Lustbader and Waters, McPherson, McNeill,* attorneys; *Nicholas I. Filocco* and *Glenn A. Farrell,* of counsel; *John N. Holly,* on the brief).

*James P. Lisovicz* argued the cause for appellant Pennsylvania Manufacturers Insurance Company (*Sellar, Richardson, Stuart & Chisholm,* attorneys).

*Michael J. Maggiano* argued the cause for respondents Mastice (*Michael Maggiano and Associates,* attorneys; *Mr. Maggiano* and *Adam Paskoff,* on the brief).

*O'Meara & Hight,* attorneys for respondents Emar Ltd. and Emar Group (*Mary L. Cole,* on letter relying on brief filed on

behalf of appellant Pennsylvania Manufacturers Insurance Company).

The opinion of the court was delivered by

MUIR, Jr., J.A.D.

The only issue raised by this appeal is one of choice of law between the workers' compensation laws of New Jersey and New York, which differ with respect to the right of an injured minor employee to maintain a common law negligence action against his employer. The New York law affords the minor no common law negligence cause of action against the employer while the New Jersey law makes it an elective option to the remedies of the workers' compensation law. The trial court ruled the New Jersey law should apply. Defendants Interstate Industrial Corporation (Interstate), the employer, and Pennsylvania Manufacturers Insurance Company, the employer's general liability insurer, appeal. We reverse.

The facts are undisputed. On August 21, 1990, Anthony Mastice, Jr., a sixteen-year-old minor, illegally worked for Interstate at a construction site in Brooklyn, New York. At the time, Mastice resided in New Jersey and drove to work with his uncle, who had arranged his employment. Interstate is a New York corporation with offices in Secaucus, New Jersey, which does fifty percent of its work in New York. On the recited date, Mastice was crushed to death at the construction site. Plaintiffs thereafter commenced the common law action that gave rise to this appeal. In that action plaintiffs sought damages from the employer and others, named and fictitious.

The New Jersey workers' compensation law is presumed applicable to illegally employed minors. *N.J.S.A.* 34:15–10. It affords compensation or death benefits to such minors or their dependents. *Ibid.* Moreover, the employer alone and not its insurance carrier is liable for the compensation or death benefits over and above the normal benefits prescribed by *N.J.S.A.* 34:15–12 or *N.J.S.A.* 34:15–13. However, unlike the normal provisions of the New Jersey law which immunize the employer from tort liability,

*N.J.S.A.* 34:15–10 affords an illegally employed minor or his dependents the common law right to recover damages for the negligence of the employer as an alternative to workers' compensation benefits. *Ibid.*

The New York workers' compensation law treats the problem of an injured minor employee's rights in a somewhat different manner. It too requires the employer to provide workers' compensation coverage. It too affords double the normal compensation or death benefits to an illegally employed minor or his dependents. *N.Y. Work. Comp.* § 14–a (McKinney 1993). It also requires the employer to pay the above-normal portion of the benefits. *Ibid.* However, it provides for no election against statutory benefits in favor of a common law cause of action against the employer for the latter's negligence.

In sum, both New Jersey and New York require workers' compensation coverage, both enhance the death benefits recoverable where an employer has illegally employed the decedent minor, and both require the employer to pay the enhanced benefits. A conflict exists, however, because in New York workers' compensation benefits are the exclusive remedy, while New Jersey affords an alternative common law cause of action against the employer.

 We view the conflict here to be governed by the reasoning of *Eger v. E.I. Du Pont DeNemours Co.*, 110 *N.J.* 133, 539 *A.*2d 1213 (1988). *Eger* teaches we are to follow the contemporary choice of law doctrine in which "the determinative law is that of the state with the greatest interest in governing the particular issue." *Id.* at 140, 539 *A.*2d 1213. It reasons that *Wilson v. Faull,* 27 *N.J.* 105, 141 *A.*2d 768 (1958), appropriately presaged use of that doctrine when it invoked its concepts and held that, where an injured employee seeks to maintain a common law tort action against his employer in one of two states having a legitimate interest in the work injury, the forum state has the responsibility to apply the law of the state in which the employer has provided compensation insurance and in which the employer is granted immunity from common law negligence actions by the employee. The *Eger* Court reasoned:

Application of New Jersey law to allow a tort suit against ... Du Pont would undermine the foundation of [South Carolina's] workers' compensation statute. Immunity from tort liability of a party obligated to provide compensation coverage is an essential element of the fundamental equation in every workers' compensation system: the statutorily imposed agreement in which an employer provides compensation coverage protecting employees injured in all work-related accidents without regard to fault in return for immunity from suit based on fault arising from such accidents. 2A A. Larson, *Workmen's Compensation Law* § 65.11 12–9 (1987). As one court has noted:

'The employer has incurred the burden of providing workmen's compensation insurance. The employee has foregone his right to sue the employer for negligence. But both have also gained. The employer has gained an immunity from common law suit. The employee has gained a right to relief even where his injury did not arise through the fault of his employer. The courts clearly consider that *this system of mutual give and take would be upset if the employee could sue for negligence in another jurisdiction.*'

[*Jonathan Woodner Co. v. Mather,* 210 F.2d 868, 873–74 (D.C.Cir.) (footnote omitted), *cert. denied,* 348 U.S. 824, 75 S.Ct. 39, 99 L.Ed. 650 (1954) *quoted in Wilson v. Faull,* 27 N.J. at 119, 141 A.2d 768 (emphasis added).]

[*Eger v. E.I. Du Pont DeNemours Co., supra,* 110 N.J. at 141, 539 A.2d 1213].

Thus, exposing Interstate to tort liability in this case would frustrate New York's interest in regulating the manner in which victims of construction site accidents are compensated.

That, however, does not end our inquiry. We must also decide whether New Jersey has any countervailing interest strong enough to warrant the imposition of tort liability on the employer in this instance. The trial court reasoned that it does. It found New Jersey's strong preference for minors having benefits that are unavailable to others in the work force, evidenced by *N.J.S.A.* 34:15–10, warranted enforcing the option for the common law tort action. In so finding, the court expressly identified the state's interest in deterring unlawful hiring as a part of the justification for its ruling, while implicitly finding further justification in the potentially higher benefits available through a common law tort action than available through workers' compensation. *See LaPollo v. Hospital Serv. Plan of N.J.,* 113 N.J. 611, 613–14, 552 A.2d 150 (1989). We disagree and conclude there is nothing in New Jersey's interest in protection of its minors in this instance that is strong enough to overcome New York's interest in immunizing its employers from tort liability claims of its employees.

New York's workers' compensation law in several respects parallels the law of this State when illegally hired minors are injured on the job site. Like New Jersey law, New York law imposes a sanction for illegal employment of a minor by requiring the employer to pay the enhanced or double benefits. That obligation cannot be passed onto the insurer. By doing so, New York, in the same manner as New Jersey, vindicates the public policy that seeks to deter employers from violating child labor laws. At the same time, New York law addresses New Jersey's interest in seeing that its injured resident's compensation is not neglected. *See Eger v. E.I. Du Pont DeNemours Co., supra,* 110 *N.J.* at 143, 539 *A.*2d 1213. Consequently, New York's law is not obnoxious to but parallel with our public policy in that regard. It fosters the same deterrent goals and basic compensation policies behind our law for dealing with illegally hired minors injured in the course of employment.

There are only two facets by which it can be found inconsistent with New Jersey policy, and neither amounts to an interest strong enough to warrant overriding the employer tort liability immunity. First is the possibility, although plaintiffs do not contend it exists, that the benefits under New York law may be less than those afforded by our workers' compensation law. That difference, however, is resolvable without abrogating employer tort claim immunity by allowing the workers' compensation claim to be filed in New Jersey. *See Eger v. E.I. Du Pont DeNemours Co., supra,* 110 *N.J.* at 140, 539 *A.*2d 1213. Second is the potential for a greater recovery in the tort claim action. *See LaPollo v. Hospital Serv. Plan of N.J., supra,* 113 *N.J.* at 614, 552 *A.*2d 150. However, there is no controlling concept in the policy of this State that dictates a minor receive the greatest recovery possible. *Cf. Eger v. E.I. Du Pont DeNemours Co., supra,* 110 *N.J.* at 142–43, 539 *A.*2d 1213 (recognizing New Jersey's interest in seeing that its injured residents receive compensation but not requiring they have the potential for receiving the most compensation possible). It is the compensation, not the extent of it, that is controlling.

Moreover, there is nothing to insure that a tort liability action recovery will be greater or as great as the workers' compensation benefits. Establishing tort liability is an inherently uncertain process. *See Eger v. E.I. Du Pont DeNemours Co., supra,* 110 *N.J.* at 143, 539 *A.*2d 1213. Establishing damages in a wrongful death action of a minor is an equally uncertain process. *See Simmel v. New Jersey Coop Co.,* 28 *N.J.* 1, 14, 143 *A.*2d 521 (1958); *Botta v. Brunner,* 26 *N.J.* 82, 92–93, 138 *A.*2d 713 (1958). Accordingly, it cannot be said New Jersey has a public policy interest that is strong enough to outweigh New York's interest in immunizing its employers against common law negligence liability when an illegally hired minor from New Jersey is injured on the job site in New York. The absence of a countervailing public policy projects no basis for going against the consistence of and logic behind the almost universal recognition of a sister state's grant of immunity. *See Wilson v. Faull, supra,* 27 *N.J.* at 123, 141 *A.*2d 768.

The order of the trial court is reversed. The matter is remanded for entry of an order consistent with this opinion.